UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Crim. No. 10-10159-PBS |
|  | ) |  |
| v. | ) | Violations: |
|  | ) | 18 USC 1962(c); 1962(d); 1963; |
| ROBERT EREMIAN, | ) | 981; 982; 1084; 1952(a)(1); 1955; |
| DANIEL EREMIAN, | ) | 1956(a)(1)(B)(i); 1956(h); 1957; |
| RICHARD SULLIVAN, and | ) | 1512(b)(1), 1512(b)(2)(B) ; and 2; |
| TODD LYONS | ) | 26 USC 7206(1); 31 USC |
|  | ) | 5363(3). |
| Defendants. | ) |  |

### SUPERSEDING INDICTMENT

THE UNITED STATES GRAND JURY in and for the District of Massachusetts charges

that:

### COUNT ONE
(Racketeering Conspiracy)

### THE ENTERPRISE

1.     At all times relevant to this Indictment, unlicensed and unregulated sports

wagering was illegal in all fifty states, and the use of any facility in interstate and foreign

commerce to distribute the proceeds of illegal gambling, operating an illegal gambling business,

and being a person engaged in the business of betting or wagering using interstate and foreign

wire communication facilities to transmit wagers and wagering information violated the laws of

the United States, including Title 18, United States Code, §§ 1952(a), 1955, and 1084(a).

2.     From in or before 1997 and continuing through April 2010, within the District of

Massachusetts and elsewhere, the defendants **ROBERT EREMIAN, DANIEL EREMIAN,**

**RICHARD SULLIVAN, TODD LYONS,** and others known and unknown to the Grand Jury,

were members and associates of a criminal organization whose members and associates associated together and with others for the purpose of, among other things: (1) earning money through illegal gambling activities via a business known as "Sports Offshore;" (2) illegally laundering the proceeds of illegal gambling activities; and (3) committing various crimes related to the operation of an illegal gambling business.

3.      The defendants **ROBERT EREMIAN, DANIEL EREMIAN, RICHARD SULLIVAN, TODD LYONS**, Sports Offshore, and others known and unknown to the Grand Jury, constituted an "enterprise," hereinafter referred to as the "Sports Offshore Organization," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals and a legal entity associated in fact, which engaged in, and the activities of which affected, interstate and foreign commerce. The Sports Offshore Organization affected interstate and foreign commerce by, among other things, the use of an offshore Internet gambling site and a toll-free "800" number located in St. John's, Antigua, the use of financial institutions affecting interstate and foreign commerce, and travel in interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

4.      At times material to the allegations contained in this Indictment:

a.      Sports Offshore, also known as Sports Off Shore and SOS, was an International Business Corporation doing business in St. John's, Antigua. Sports Offshore was in the business of accepting wagers on sporting events. Sports Offshore was ostensibly licensed to conduct "interactive gaming and interactive wagering," however, that license was terminated in July 2009. In truth and fact, Sports Offshore's activities violated the laws of the United States

2

and violated the terms of its Antiguan license.  The illegal gambling business which operated as Sports Offshore had its roots in an illegal gambling business that was based in Lynnfield, Massachusetts.  In approximately 1996, the defendants **ROBERT EREMIAN, DANIEL EREMIAN, RICHARD SULLIVAN,** and others known and unknown to the Grand Jury moved the business office from Lynnfield, Massachusetts to St. John's, Antigua; however, the U.S. based network of agents and customers remained intact.

       b.     The defendant **ROBERT EREMIAN** is the owner and principal of Sports Offshore.  **EREMIAN** is a citizen of the United States who resided in the District of Massachusetts until approximately 1997 when he relocated the headquarters for his illegal gambling business to Antigua.  **EREMIAN** has maintained a residence and other financial and family interests in Massachusetts and elsewhere in the United States while he has resided in Antigua.  **EREMIAN** managed his U.S. based financial interests and family obligations through bank accounts in Massachusetts funded by the proceeds of his illegal gambling activities.

       c.     The defendant **DANIEL EREMIAN** is the brother of the defendant **ROBERT EREMIAN.  DANIEL EREMIAN** has resided in Florida since approximately 1993. **DANIEL EREMIAN** was an "agent" for the Sports Offshore Organization, i.e., he was responsible for a group of Florida customers who gambled with Sports Offshore and he earned commissions on gambling losses incurred by those customers.  **DANIEL EREMIAN**  also acted as a "collector" for the Sports Offshore Organization in Florida.  In that capacity, **DANIEL EREMIAN** met with and collected money from other agents who managed customers in Florida.

       d.     The defendant **RICHARD SULLIVAN** was employed by the defendant **ROBERT EREMIAN** and managed the daily activities of Sports Offshore.  In that capacity,

3

**SULLIVAN** supervised approximately thirty to fifty employees of Sports Offshore in St. John's, Antigua who accepted wagers from customers in the United States that were placed over the telephone and the Internet. **SULLIVAN** also directed collection activities regarding customers and agents located in the United States who owed money to Sports Offshore.

**SULLIVAN** relocated from the District of Massachusetts to Antigua in approximately 1996 when the defendant **ROBERT EREMIAN** moved **EREMIAN's** gambling office to Antigua. **SULLIVAN** also was an "agent" for the Sports Offshore Organization, i.e., he was responsible for a group of Massachusetts customers who gambled with Sports Offshore and he earned commissions on gambling losses incurred by those customers. **SULLIVAN** utilized individuals who resided in Massachusetts to collect money from his Massachusetts customers, and used financial institutions in Massachusetts to hold and launder the proceeds of illegal gambling activities.

      e.      The defendant **TODD LYONS** resided in the District of Massachusetts and was an "agent" for the Sports Offshore Organization, i.e., he was responsible for a group of Massachusetts customers who gambled with Sports Offshore and he earned commissions on gambling losses incurred by those customers. **LYONS** also acted as a "collector" for the Sports Offshore Organization in Eastern Massachusetts. In that capacity, **LYONS** met with and collected money from other agents who managed customers in Eastern Massachusetts. On those occasions when customers won money, **LYONS** delivered money to the agents to pay their customers.

      f.      Benevolence Funding, Ltd. was an Antiguan business entity used by the Sports Offshore Organization to receive the proceeds of illegal gambling from customers in the

United States who opted to pay their gambling debts by check or wire transfer. Agents of the Sports Offshore Organization operating in the United States also were instructed to make checks payable to Benevolence Funding, Ltd. for the purpose of transferring funds to the Sports Offshore Organization.

        g.     DeSoto, Ltd., G L Holdings Ltd., Cache Management, and Southern Construction Management were other business entities used by the Sports Offshore Organization to receive the proceeds of illegal gambling from customers in the United States who opted to pay their gambling debts by check or wire transfer. Agents and customers of the Sports Offshore Organization operating in the United States also were instructed to make checks payable to DeSoto, Ltd., G L Holdings Ltd., Cache Management and Southern Construction Management for the purpose of transferring funds to the Sports Offshore Organization.

METHODS AND MEANS OF THE ENTERPRISE

5.     To further their goal of generating money for the enterprise, members and associates of the Sports Offshore Organization utilized a gambling office located in St. John's, Antigua to avoid law enforcement detection. Members and associates of the Sports Offshore Organization engaged in the fiction that Sports Offshore's activities were legal because Sports Offshore operated pursuant to an Antiguan license.

6.     The Sports Offshore Organization acted in the United States through approximately 40 to 50 agents who solicited customers for Sports Offshore and collected money from those customers that was due to Sports Offshore. These U.S. based agents earned commissions ranging from 25 to 50% of their respective customers' gambling losses. Customers received a code number and password from their respective agents which enabled the customers

5

to place wagers through Sports Offshore's Internet site or toll free telephone line.

7.      It was a part of the conspiracy that the Sports Offshore Organization used facilities in interstate and foreign commerce such as Federal Express to distribute the proceeds of its illegal gambling activity. Cash and checks were routinely sent from the United States to Sports Offshore in Antigua via such facilities as Federal Express. The Sports Offshore Organization also used Cache Management, an entity located in Ladyville, Belize, to receive cash and checks sent via Federal Express to pay gambling debts to Sports Offshore in Antigua. On other occasions, members and associates of the Sports Offshore Organization personally carried large sums of cash from the United States to Antigua. Conversely, in approximately November 2007, the defendant **ROBERT EREMIAN** traveled from Antigua to the United States to deliver $300,000 in cash to one of his agents to pay a gambling debt owed to a customer of Sports Offshore.

8.      Members and associates of the Sports Offshore Organization engaged in financial transactions with the proceeds of the Sports Offshore Organization's criminal activities, many of which were designed, in whole or in part, to disguise the nature and sources of those proceeds and the relationships of members and associates of the Sports Offshore Organization to those assets, and to shield those proceeds from seizure and forfeiture by law enforcement authorities. For example, members and associates of the Sports Offshore Organization used Benevolence Funding, Inc.. DeSoto, Ltd., G L Holdings, Ltd., Cache Management and Southern Construction Management to disguise the nature and source of gambling proceeds destined for the Sports Offshore Organization. During the period 2004 through January 2010 over $10 million dollars was laundered through bank accounts of the aforementioned entities.

6

9.      The defendant **ROBERT EREMIAN** utilized bank accounts in the United States including bank accounts in the District of Massachusetts to manage his U.S. based financial interests and family obligations.  These accounts were primarily funded by the proceeds of his illegal gambling activities, and the bulk of the funds were distributed to members of his family. During the time period alleged in this Indictment, approximately $8 million was laundered through these U.S. bank accounts.

## THE RACKETEERING CONSPIRACY

10.      From in or before 1997 and continuing through April 2010, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendants

**ROBERT EREMIAN,
DANIEL EREMIAN,
RICHARD SULLIVAN,** and
**TODD LYONS**

and others known and unknown to the Grand Jury, being persons employed by and associated with the Sports Offshore Organization, which enterprise engaged in, and whose activities affected, interstate and foreign commerce, did knowingly and intentionally conspire, confederate and agree to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through the collection of unlawful debt as set forth in paragraph 11 below, and through a pattern of racketeering activity as set forth in paragraph 12 below.

11.      The collection of unlawful debt, as that term is defined in Title 18, United States Code, Section 1961(6), through which the defendants and their coconspirators agreed to conduct and participate directly and indirectly in the conduct of the affairs of the enterprise, consisted of

7

the collection of unlawful gambling debts, that is, debts incurred and contracted in gambling

activity which was in violation of the law of the United States and the law of the Commonwealth

of Massachusetts and which were incurred in connection with the business of gambling in

violation of the law of the United States and the law of the Commonwealth of Massachusetts. It

was a part of the conspiracy that each defendant agreed that a conspirator would commit at least

one collection of unlawful debt in the conduct of the affairs of the enterprise.

12.     The pattern of racketeering activity, as that term is defined by Title 18, United

States Code, Sections 1961(1) and 1961(5), through which the defendants and their

coconspirators agreed to conduct and participate directly and indirectly in the conduct of the

affairs of the enterprise, consisted of multiple acts indictable under the following provisions of

federal law:

> a.     18 U.S.C. § 1955 (illegal gambling business);
>
> b.     18 U.S.C. § 1084 (Use of Wire Communication Facility);
>
> c.     18 U.S.C. § 1952 (Interstate Travel in Aid of Racketeering);
>
> d.     18 U.S.C. § 1956 (Money Laundering); and
>
> e.     18 U.S.C. § 1512 (Witness Tampering).

13.     It was part of the conspiracy that each defendant agreed that a conspirator would

commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.


All in violation of Title 18, United States Code, Section 1962(d).

## COUNT TWO
(Racketeering)

1.      Paragraphs One through Nine of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.      From in or before 1997 and continuing through April 2010, in the District of Massachusetts and elsewhere, the defendants herein,

## ROBERT EREMIAN,
## DANIEL EREMIAN,
## RICHARD SULLIVAN, and
## TODD LYONS

and others, known and unknown to the Grand Jury, being persons employed by and associated with the Sports Offshore Organization, did unlawfully and knowingly conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise, which was engaged in and the activities of which affected interstate and foreign commerce, through the pattern of racketeering activity particularly described below in paragraphs 3 through 13, and through the collection of unlawful debt set forth in paragraph 14 below.

## RACKETEERING ACT NUMBER ONE
(Use of Wire Communication Facility - Telephone)

3.      From in or before 1997 and continuing at least until in or about April 2010, in the District of Massachusetts  and elsewhere, the defendants **ROBERT EREMIAN, DANIEL EREMIAN, RICHARD SULLIVAN, TODD LYONS,** and others known and unknown to the Grand Jury, each aiding and abetting the other, being engaged in the business of betting and wagering, knowingly used a wire communication facility for the transmission in interstate and

9

foreign commerce of bets and wagers and information assisting in the placing of bets and wagers on any sporting event and contest, and for the transmission of a wire communication which entitled the recipient to receive money and credit as a result of bets and wagers, namely, the defendants used a toll-free telephone line to an offshore gaming office located in St. John's, Antigua for the purpose of placing wagers on sporting events in violation of Title 18, United States Code, Sections 1084 and 2.

## RACKETEERING ACT NUMBER TWO
(Use of Wire Communication Facility - Internet)

4.      From in or before 1999 and continuing at least until in or about April 2010, in the District of Massachusetts and elsewhere, the defendants **ROBERT EREMIAN, DANIEL EREMIAN, RICHARD SULLIVAN, TODD LYONS,** and others known and unknown to the Grand Jury, each aiding and abetting the other, being engaged in the business of betting and wagering, knowingly used a wire communication facility for the transmission in interstate and foreign commerce of bets and wagers and information assisting in the placing of bets and wagers on any sporting event and contest, and for the transmission of a wire communication which entitled the recipient to receive money and credit as a result of bets and wagers, namely, the defendants operated an Internet site located in St. John's, Antigua for the purpose of placing wagers on sporting events in violation of Title 18, United States Code, Sections 1084 and 2.

## RACKETEERING ACT NUMBER THREE
(Money Laundering Conspiracy)

5.      From in or before 1999 and continuing at least until in or about January 2010, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendants **ROBERT EREMIAN, DANIEL EREMIAN, RICHARD SULLIVAN, TODD**

**LYONS,** and others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, did knowingly and unlawfully conspire, confederate, and agree to conduct financial transactions, affecting interstate and foreign commerce, which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Sections 1955 and 1084, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said illegal gambling activity in violation of Section 1956(h) of Title 18 of the United States Code.

a.    It was a part of the conspiracy that the defendants **ROBERT EREMIAN, DANIEL EREMIAN, RICHARD SULLIVAN, TODD LYONS,** and others known and unknown to the Grand Jury, disguised gambling revenue due and owing to the Sports Offshore Organization by instructing gamblers and agents of the Sports Offshore Organization to create financial instruments payable to Benevolence Funding, Ltd., DeSoto Ltd., G L Holdings Ltd., Cache Management, and Southern Construction Management, entities with no legitimate business purpose other than to launder the proceeds of the Sports Offshore Organization's illegal gambling business.

b.    It was a part of the conspiracy that approximately $10,533,260 was laundered by the defendants **ROBERT EREMIAN, DANIEL EREMIAN, RICHARD SULLIVAN, TODD LYONS,** and others known and unknown to the Grand Jury, through the aforementioned entities.

c.    It was a part of the conspiracy that the defendants **ROBERT EREMIAN, DANIEL EREMIAN, RICHARD SULLIVAN, TODD LYONS,** and others known and

11

unknown to the Grand Jury, used facilities in interstate and foreign commerce to distribute the

proceeds of illegal gambling activity.

## RACKETEERING ACT NUMBER FOUR
(Money Laundering)

The defendants **ROBERT EREMIAN** and **RICHARD SULLIVAN,** committed the

following acts involving money laundering, the commission of any one of which constitutes the

commission of Racketeering Act Number Four.

6.      From in or before 2005 and continuing through January 2010, in the District of

Massachusetts and elsewhere, the defendants **ROBERT EREMIAN, RICHARD SULLIVAN,**

and others known and unknown to the Grand Jury, each aiding and abetting the other, knowing

that the property involved in financial transactions represented the proceeds of some form of

unlawful activity, conducted and attempted to conduct financial transactions which affected

interstate and foreign commerce and which in fact involved the proceeds of illegal gambling

activity in violation of Title 18, United States Code, Sections 1955 and 1084, to wit, wire

transfers and the delivery and negotiation of checks made payable to Benevolence Funding, Ltd.,

DeSoto Ltd., G L Holdings Ltd., Cache Management, Steib's Sales East Coast, and Southern

Construction Management, in the approximate aggregate amount of $3,269,315 as specifically

set forth in the subpredicate racketeering acts below knowing that the transactions were designed

in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and

the control of the proceeds of the said unlawful activity in violation of Title 18, United States

Code, Sections 1956(a)(1)(B)(i) and 2.

12

| RA | Date | Amount | Instrument | Payee |
|----|------|--------|------------|-------|
| 4-1 | 12/21/05 | 25,000.00 | 16365 | Benevolence Funding |
| 4-2 | 01/13/06 | 30,000.00 | 16471 | Benevolence Funding |
| 4-3 | 02/10/06 | 60,000.00 | 321989 | Benevolence Funding |
| 4-4 | 03/01/06 | 30,000.00 | 321997 | Benevolence Funding |
| 4-5 | 11/17/05 | 20,381.00 | Wire | Benevolence Funding |
| 4-6 | 12/05/05 | 86,591.25 | Wire | Benevolence Funding |
| 4-7 | 09/09/05 | 7,500.00 | 2035 | Benevolence Funding |
| 4-8 | 09/09/05 | 8,400.00 | 2036 | Benevolence Funding |
| 4-9 | 09/19/05 | 30,000.00 | 1 | Benevolence Funding |
| 4-10 | 02/02/06 | 25,000.00 | 2089 | Benevolence Funding |
| 4-11 | 02/07/06 | 15,000.00 | 2090 | Benevolence Funding |
| 4-12 | 02/17/06 | 15,000.00 | 2095 | Benevolence Funding |
| 4-13 | 02/24/06 | 15,000.00 | 104 | Benevolence Funding |
| 4-14 | 03/02/06 | 10,000.00 | 2098 | Benevolence Funding |
| 4-15 | 03/09/06 | 5,000.00 | 106 | Benevolence Funding |
| 4-16 | 03/09/06 | 5,000.00 | 2100 | Benevolence Funding |
| 4-17 | 03/17/06 | 5,000.00 | 2104 | Benevolence Funding |
| 4-18 | 03/23/06 | 10,000.00 | 2106 | Benevolence Funding |
| 4-19 | 04/07/06 | 10,000.00 | 113 | Benevolence Funding |
| 4-20 | 04/25/06 | 5,000.00 | 114 | Benevolence Funding |
| 4-21 | 04/25/06 | 5,000.00 | 2121 | Benevolence Funding |
| 4-22 | 05/05/06 | 10,000.00 | 2124 | DeSoto Limited |
| 4-23 | 05/26/06 | 10,000.00 | 2138 | DeSoto Limited |
| 4-24 | 06/16/06 | 10,000.00 | 2147 | DeSoto Limited |
| 4-25 | 06/29/06 | 10,000.00 | 2155 | DeSoto Limited |
| 4-26 | 07/07/06 | 10,000.00 | 2162 | DeSoto Limited |
| 4-27 | 08/11/06 | 10,000.00 | 2177 | DeSoto Limited |
| 4-28 | 01/11/06 | 2,750.00 | 2534 | Benevolence Funding |
| 4-29 | 02/20/06 | 12,950.00 | 2554 | Benevolence Funding |
| 4-30 | 04/07/06 | 10,000.00 | 121 | Benevolence Funding |
| 4-31 | 11/24/05 | 17,850.00 | 1554 | Benevolence Funding |
| 4-32 | 12/05/05 | 11,000.00 | 1556 | Benevolence Funding |
| 4-33 | 01/05/06 | 14,600.00 | 1572 | Benevolence Funding |
| 4-34 | 01/11/06 | 20,000.00 | 1577 | Benevolence Funding |
| 4-35 | 02/13/06 | 25,000.00 | 1587 | Benevolence Funding |
| 4-36 | 02/27/06 | 14,600.00 | 1588 | Benevolence Funding |
| 4-37 | 12/15/05 | 2,000.00 | 191350671 | Benevolence Funding |
| 4-38 | 10/13/05 | 1,500.00 | 407541348 | Benevolence Funding |
| 4-39 | 10/18/05 | 500.00 | 191350411 | Benevolence Funding |
| 4-40 | 01/18/06 | 4,000.00 | 191350819 | Benevolence Funding |

| | | | | |
|---|---|---|---|---|
| 4-41 | 02/02/06 | 3,000.00 | 191350896 | Benevolence Funding |
| 4-42 | 03/14/06 | 1,700.00 | 191367327 | Benevolence Funding |
| 4-43 | 06/06/06 | 4,000.00 | 407541675 | Benevolence Funding |
| 4-44 | 06/28/06 | 2,500.00 | 407501278 | Benevolence Funding |
| 4-45 | 08/29/06 | 4,900.00 | 407501563 | Benevolence Funding |
| 4-46 | 03/24/06 | 3,400.00 | 532789850 | Benevolence Funding |
| 4-47 | 05/08/06 | 4,000.00 | 407541521 | Benevolence Funding |
| 4-48 | 01/05/06 | 20,000.00 | 16234 | Benevolence Funding |
| 4-49 | 04/03/06 | 18,000.00 | 16505 | Benevolence Funding |
| 4-50 | 06/22/06 | 30,000.00 | 94 | Benevolence Funding |
| 4-51 | 09/30/05 | 6,107.00 | 1342 | Benevolence Funding |
| 4-52 | 07/18/06 | 5,000.00 | 231 | DeSoto Limited |
| 4-53 | 01/13/06 | 50,000.00 | 316772399 | DeSoto Limited |
| 4-54 | 09/08/05 | 38,000.00 | 396311573 | Benevolence Funding |
| 4-55 | 09/28/05 | 21,978.00 | 396311688 | Benevolence Funding |
| 4-56 | 11/25/05 | 26,200.00 | 4641427 | Benevolence Funding |
| 4-57 | 01/20/06 | 20,000.00 | 316772429 | DeSoto Limited |
| 4-58 | 02/17/06 | 9,500.00 | 316772603 | DeSoto Limited |
| 4-59 | 03/06/06 | 18,000.00 | 4967602 | DeSoto Limited |
| 4-60 | 03/09/06 | 30,000.00 | 215401552 | DeSoto Limited |
| 4-61 | 07/11/06 | 60,000.00 | 5148580 | DeSoto Limited |
| 4-62 | 09/11/06 | 20,000.00 | 5148058 | Benevolence Funding |
| 4-63 | 09/11/06 | 24,900.00 | 5148059 | DeSoto Limited |
| 4-64 | 01/05/06 | 8,000.00 | 2112 | Benevolence Funding |
| 4-65 | 02/14/06 | 7,500.00 | 2205 | DeSoto Limited |
| 4-66 | 09/12/05 | 5,030.00 | 4159 | Benevolence Funding |
| 4-67 | 10/10/05 | 2,190.00 | 4162 | Benevolence Funding |
| 4-68 | 01/10/06 | 3,800.00 | 4177 | DeSoto Limited |
| 4-69 | 03/07/06 | 2,800.00 | 4234 | DeSoto Limited |
| 4-70 | 03/22/06 | 12,100.00 | 11533 | DeSoto Limited |
| 4-71 | 04/05/06 | 7,060.00 | 11583 | DeSoto Limited |
| 4-72 | 07/05/06 | 8,100.00 | 11999 | DeSoto Limited |
| 4-73 | 12/06/05 | 25,000.00 | 126 | Benevolence Funding |
| 4-74 | 01/11/06 | 30,000.00 | 186 | Benevolence Funding |
| 4-75 | 01/26/06 | 25,000.00 | 229 | Benevolence Funding |
| 4-76 | 09/08/05 | 12,275.00 | 1011 | Benevolence Funding |
| 4-77 | 10/12/05 | 4,500.00 | 1015 | Benevolence Funding |
| 4-78 | 09/13/05 | 7,000.00 | 208152 | Benevolence Funding |
| 4-79 | 09/13/05 | 5,000.00 | 208153 | Benevolence Funding |
| 4-80 | 02/07/06 | 13,000.00 | 276878554 | DeSoto Limited |
| 4-81 | 09/12/05 | 20,000.00 | 531 | Benevolence Funding |
| 4-82 | 11/21/05 | 15,000.00 | 545 | Benevolence Funding |

| 4-83 | 07/20/06 | 20,000.00 | 611 | Benevolence Funding |
|---|---|---|---|---|
| 4-84 | 10/27/06 | 50,000.00 | Wire | Benevolence Funding |
| 4-85 | 11/24/06 | 25,000.00 | Wire | Benevolence Funding |
| 4-86 | 05/03/07 | 20,000.00 | Wire | DeSoto Limited |
| 4-87 | 06/01/07 | 15,000.00 | Wire | Benevolence Funding |
| 4-88 | 06/15/07 | 30,000.00 | Wire | DeSoto Limited |
| 4-89 | 12/18/05 | 5,000.00 | 1866 | Benevolence Funding |
| 4-90 | 05/01/06 | 10,000.00 | 1013 | Benevolence Funding |
| 4-91 | 07/14/06 | 7,500.00 | 4404 | DeSoto Limited |
| 4-92 | 07/17/06 | 7,500.00 | 4405 | Benevolence Funding |
| 4-93 | 05/01/08 | 7,500.00 | 4499 | Benevolence Funding |
| 4-94 | 05/01/08 | 7,500.00 | 4498 | G L Holdings Ltd |
| 4-95 | 10/04/05 | 10,000.00 | 1527 | Benevolence Funding |
| 4-96 | 02/01/06 | 10,000.00 | 1547 | DeSoto Limited |
| 4-97 | 09/27/05 | 55,500.00 | 571 | Benevolence Funding |
| 4-98 | 12/06/05 | 20,000.00 | 651 | Benevolence Funding |
| 4-99 | 12/20/05 | 61,500.00 | 671 | Benevolence Funding |
| 4-100 | 01/04/06 | 105,000.00 | 687 | Benevolence Funding |
| 4-101 | 01/09/06 | 136,200.00 | 695 | DeSoto Limited |
| 4-102 | 02/07/06 | 36,400.00 | 728 | DeSoto Limited |
| 4-103 | 01/11/07 | 100,000.00 | Wire | DeSoto Limited |
| 4-104 | 11/29/07 | 70,000.00 | Wire | G L Holdings Ltd |
| 4-105 | 01/18/08 | 50,000.00 | Wire | G L Holdings Ltd |
| 4-106 | 01/24/08 | 50,000.00 | Wire | G L Holdings Ltd |
| 4-107 | 10/27/08 | 125,000.00 | Wire | Benevolence Funding |
| 4-108 | 04/14/08 | 50,000.00 | Wire | G L Holdings Ltd |
| 4-109 | 09/24/08 | 73,000.00 | Wire | G L Holdings Ltd |
| 4-110 | 09/25/08 | 73,000.00 | Wire | G L Holdings Ltd |
| 4-111 | 11/17/08 | 100,000.00 | Wire | Benevolence Funding |
| 4-112 | 03/01/10 | 88,305.00 | Wire | Steib's Sales East Coast |
| 4-113 | 09/12/05 | 32,000.00 | 1503 | Benevolence Funding |
| 4-114 | 09/26/05 | 30,000.00 | 1510 | Benevolence Funding |
| 4-115 | 02/13/06 | 33,000.00 | 1581 | Benevolence Funding |
| 4-116 | 11/24/08 | 23,750.00 | 2064 | Southern Construction |
| 4-117 | 10/12/09 | 25,775.00 | 2244 | Southern Construction |
| 4-118 | 11/10/09 | 29,800.00 | 2256 | Southern Construction |
| 4-119 | 03/13/06 | 36,000.00 | 1607 | Benevolence Funding |
| 4-120 | 10/17/05 | 5,226.00 | 498575345 | Benevolence Funding |
| 4-121 | 12/14/05 | 60,000.00 | 2535 | Benevolence Funding |
| 4-122 | 09/28/05 | 5,000.00 | 1647 | Benevolence Funding |
| 4-123 | 10/29/05 | 4,000.00 | 1730 | Benevolence Funding |
| 4-124 | 12/01/05 | 4,000.00 | 1729 | Benevolence Funding |

| 4-125 | 12/15/05 | 4,000.00  | 1728      | Benevolence Funding   |
|-------|----------|-----------|-----------|-----------------------|
| 4-126 | 04/12/06 | 4,000.00  | 1809      | Benevolence Funding   |
| 4-127 | 05/02/06 | 9,000.00  | 1910      | Benevolence Funding   |
| 4-128 | 09/01/05 | 4,000.00  | 417       | Benevolence Funding   |
| 4-129 | 12/01/05 | 5,000.00  | 2633      | Benevolence Funding   |
| 4-130 | 12/01/05 | 4,097.00  | 2635      | Benevolence Funding   |
| 4-131 | 12/05/05 | 4,000.00  | 2634      | Benevolence Funding   |
| 4-132 | 01/05/06 | 4,400.00  | 2667      | Benevolence Funding   |
| 4-133 | 01/05/06 | 4,000.00  | 2668      | Benevolence Funding   |
| 4-134 | 01/20/06 | 7,000.00  | 2678      | Benevolence Funding   |
| 4-135 | 01/20/06 | 6,500.00  | 2679      | Benevolence Funding   |
| 4-136 | 01/26/06 | 2,700.00  | 2691      | Benevolence Funding   |
| 4-137 | 02/09/06 | 3,950.00  | 2698      | Benevolence Funding   |
| 4-138 | 09/12/05 | 40,000.00 | 138       | Benevolence Funding   |
| 4-139 | 11/12/05 | 20,000.00 | 148       | Benevolence Funding   |
| 4-140 | 12/28/05 | 20,000.00 | 156       | Benevolence Funding   |
| 4-141 | 10/13/05 | 8,000.00  | 496266748 | Benevolence Funding   |
| 4-142 | 01/04/06 | 6,000.00  | 498397689 | Benevolence Funding   |
| 4-143 | 03/13/06 | 6,000.00  | 207932113 | Benevolence Funding   |
| 4-144 | 12/03/05 | 5,000.00  | 4657      | Benevolence Funding   |
| 4-145 | 01/09/06 | 7,400.00  | 4706      | DeSoto Limited        |
| 4-146 | 02/06/06 | 10,500.00 | 4721      | DeSoto Limited        |
| 4-147 | 07/10/06 | 6,000.00  | 4777      | DeSoto Limited        |
| 4-148 | 8/21/07  | 6,500.00  | 2470      | Cache Management      |
| 4-149 | 10/17/07 | 9,200.00  | 2475      | Cache Management      |
| 4-150 | 4/8/08   | 9,200.00  | 2624      | Cache Management      |
| 4-151 | 10/1/09  | 9,700.00  | 2723      | Cache Management      |
| 4-152 | 1/19/10  | 9,700.00  | 2725      | Cache Management      |
| 4-153 | 12/1/08  | 71,850.00 | 1635      | Southern Construction |

## RACKETEERING ACT NUMBER FIVE
### (Money Laundering)

The defendant **TODD LYONS** committed the following acts involving money laundering,

the commission of any one of which constitutes the commission of Racketeering Act Number

Five.

7.     From in or before 2005 and continuing through 2007, in the District of

Massachusetts and elsewhere, the defendant **TODD LYONS,** and others known and unknown to

the Grand Jury, each aiding and abetting the other, knowing that the property involved in financial

transactions represented the proceeds of some form of unlawful activity, conducted and attempted

to conduct financial transactions which affected interstate and foreign commerce and which in fact

involved the proceeds of illegal gambling activity in violation of Title 18, United States Code,

Sections 1955 and 1084, to wit, wire transfers and the delivery and negotiation of checks made

payable to Benevolence Funding, Ltd. and DeSoto Ltd., in the approximate aggregate amount of

$481,972 as specifically set forth in the subpredicate racketeering acts below knowing that the

transactions were designed in whole or in part to conceal and disguise the nature, the location, the

source, the ownership, and the control of the proceeds of the said unlawful activity in violation of

Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

| RA | Date | Amount | Instrument | Payee |
|---|---|---|---|---|
| 5-1 | 01/05/06 | 20,000.00 | 16234 | Benevolence Funding |
| 5-2 | 04/03/06 | 18,000.00 | 16505 | Benevolence Funding |
| 5-3 | 06/22/06 | 30,000.00 | 94 | Benevolence Funding |
| 5-4 | 09/13/05 | 5,000.00 | 208153 | Benevolence Funding |
| 5-5 | 09/13/05 | 7,000.00 | 208152 | Benevolence Funding |
| 5-6 | 09/12/05 | 40,000.00 | 138 | Benevolence Funding |
| 5-7 | 11/12/05 | 20,000.00 | 148 | Benevolence Funding |
| 5-8 | 12/28/05 | 20,000.00 | 156 | Benevolence Funding |
| 5-9 | 09/12/05 | 20,000.00 | 531 | Benevolence Funding |
| 5-10 | 11/21/05 | 15,000.00 | 545 | Benevolence Funding |
| 5-11 | 07/20/06 | 20,000.00 | 611 | Benevolence Funding |
| 5-12 | 10/27/06 | 50,000.00 | Wire | Benevolence Funding |
| 5-13 | 11/24/06 | 25,000.00 | Wire | Benevolence Funding |
| 5-14 | 05/03/07 | 20,000.00 | Wire | DeSoto Limited |
| 5-15 | 06/01/07 | 15,000.00 | Wire | Benevolence Funding |
| 5-16 | 06/15/07 | 30,000.00 | Wire | DeSoto Limited |
| 5-17 | 11/17/05 | 20,381.00 | Wire | Benevolence Funding |
| 5-18 | 12/05/05 | 86,591.25 | Wire | Benevolence Funding |

| 5-19 | 10/13/05 | 8,000.00 | 496266748 | Benevolence Funding |
| 5-20 | 1/4/06 | 6,000.00 | 498397689 | Benevolence Funding |
| 5-21 | 3/13/06 | 6,000.00 | 207932113 | Benevolence Funding |

## RACKETEERING ACT NUMBER SIX
### (Money Laundering)

The defendant **DANIEL EREMIAN** committed the following acts involving money laundering, the commission of any one of which constitutes the commission of Racketeering Act Number Six.

8.      From in or before 2005 and continuing through 2007, in the District of Massachusetts and elsewhere, the defendant **DANIEL EREMIAN,** and others known and unknown to the Grand Jury, each aiding and abetting the other, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which affected interstate and foreign commerce and which in fact involved the proceeds of illegal gambling activity in violation of Title 18, United States Code, Sections 1955 and 1084, to wit, wire transfers and the delivery and negotiation of checks made payable to Benevolence Funding, Ltd. and DeSoto Ltd., in the approximate aggregate amount of $369,397 as specifically set forth in the subpredicate racketeering acts below knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said unlawful activity in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

| RA | Date | Amount | Instrument | **Payee** |
| --- | --- | --- | --- | --- |
| 6-1 | 09/12/05 | 20,000.00 | 531 | Benevolence Funding |
| 6-2 | 11/21/05 | 15,000.00 | 545 | Benevolence Funding |

18

| 6-3 | 07/20/06 | 20,000.00 | 611 | Benevolence Funding |
| 6-4 | 10/27/06 | 50,000.00 | Wire | Benevolence Funding |
| 6-5 | 11/24/06 | 25,000.00 | Wire | Benevolence Funding |
| 6-6 | 05/03/07 | 20,000.00 | Wire | DeSoto Limited |
| 6-7 | 06/01/07 | 15,000.00 | Wire | Benevolence Funding |
| 6-8 | 06/15/07 | 30,000.00 | Wire | DeSoto Limited |
| 6-9 | 01/11/06 | 2,750.00 | 2534 | Benevolence Funding |
| 6-10 | 02/20/06 | 12,950.00 | 2554 | Benevolence Funding |
| 6-11 | 04/07/06 | 10,000.00 | 121 | Benevolence Funding |
| 6-12 | 11/24/05 | 17,850.00 | 1554 | Benevolence Funding |
| 6-13 | 12/05/05 | 11,000.00 | 1556 | Benevolence Funding |
| 6-14 | 01/05/06 | 14,600.00 | 1572 | Benevolence Funding |
| 6-15 | 01/11/06 | 20,000.00 | 1577 | Benevolence Funding |
| 6-16 | 02/13/06 | 25,000.00 | 1587 | Benevolence Funding |
| 6-17 | 02/27/06 | 14,600.00 | 1588 | Benevolence Funding |
| 6-18 | 09/01/05 | 4,000.00 | 417 | Benevolence Funding |
| 6-19 | 12/01/05 | 4,097.00 | 2635 | Benevolence Funding |
| 6-20 | 12/01/05 | 5,000.00 | 2633 | Benevolence Funding |
| 6-21 | 12/05/05 | 4,000.00 | 2634 | Benevolence Funding |
| 6-22 | 01/05/06 | 4,000.00 | 2668 | Benevolence Funding |
| 6-23 | 01/05/06 | 4,400.00 | 2667 | Benevolence Funding |
| 6-24 | 01/20/06 | 6,500.00 | 2679 | Benevolence Funding |
| 6-25 | 01/20/06 | 7,000.00 | 2678 | Benevolence Funding |
| 6-26 | 01/26/06 | 2,700.00 | 2691 | Benevolence Funding |
| 6-27 | 02/09/06 | 3,950.00 | 2698 | Benevolence Funding |

## RACKETEERING ACT NUMBER SEVEN
(Interstate travel in aid of racketeering enterprises.)

The defendants **ROBERT EREMIAN** and **RICHARD SULLIVAN** committed the

following acts involving interstate travel in aid of racketeering enterprises, the commission of any

one of which constitutes the commission of Racketeering Act Number Seven.

9.     From in or before 2003 and continuing through February 2010, in the District of

Massachusetts and elsewhere, the defendants **ROBERT EREMIAN, RICHARD SULLIVAN,**

and others known and unknown to the Grand Jury, each aiding and abetting the other, did use the

mail and any facility in interstate and foreign commerce with intent to distribute the proceeds of

19

unlawful activity and to otherwise promote, manage, establish, carry on, and facilitate the

promotion, management, and carrying on, of any unlawful activity, to wit, a business enterprise

involving gambling in violation of Title 18, United States Code, Sections 1955 and 1084, in that

the defendants caused divers materials including but not limited to the proceeds of illegal

gambling activity in violation ofto be sent to Sports Offshore in St. John's, Antigua and Cache

Management in Ladyville Belize via Federal Express as specifically set forth in the subpredicate

racketeering acts below in violation of Title 18, United States Code, Section 1952(a)(1) and 2.

| RA | Date | Tracking Number | Destination |
|------|----------|-----------------|---------------------|
| 7-1 | 06/06/03 | 818809743483 | St. John's, Antigua |
| 7-2 | 08/26/03 | 820212154337 | St. John's, Antigua |
| 7-3 | 10/21/03 | 820212154326 | St. John's, Antigua |
| 7-4 | 02/05/04 | 828851189093 | St. John's, Antigua |
| 7-5 | 04/20/04 | 828851189130 | St. John's, Antigua |
| 7-6 | 09/14/04 | 828851189082 | St. John's, Antigua |
| 7-7 | 11/03/04 | 848029738351 | St. John's, Antigua |
| 7-8 | 03/08/05 | 820212154315 | St. John's, Antigua |
| 7-9 | 05/10/05 | 848029738373 | St. John's, Antigua |
| 7-10 | 05/25/05 | 851812077742 | St. John's, Antigua |
| 7-11 | 07/27/05 | 815006787004 | St. John's, Antigua |
| 7-12 | 09/21/05 | 817364393973 | St. John's, Antigua |
| 7-13 | 12/13/07 | 862282210480 | St. John's, Antigua |
| 7-14 | 05/09/08 | 851562358546 | Ladyville, Belize |
| 7-15 | 06/06/08 | 851562358616 | Ladyville, Belize |
| 7-16 | 06/11/08 | 851562358535 | Ladyville, Belize |
| 7-17 | 07/18/08 | 851562358605 | Ladyville, Belize |
| 7-18 | 08/22/08 | 851562358590 | Ladyville, Belize |
| 7-19 | 09/03/08 | 851562358580 | Ladyville, Belize |
| 7-20 | 09/15/08 | 851562358557 | Ladyville, Belize |
| 7-21 | 10/06/08 | 851562358579 | Ladyville, Belize |
| 7-22 | 10/13/08 | 851562358568 | Ladyville, Belize |
| 7-23 | 11/21/08 | 857816495676 | Ladyville, Belize |
| 7-24 | 12/08/08 | 857816495687 | Ladyville, Belize |
| 7-25 | 12/15/08 | 857816495698 | Ladyville, Belize |
| 7-26 | 01/19/09 | 857816495702 | Ladyville, Belize |

| 7-27 | 02/17/09 | 857816495724 | Ladyville, Belize |
| 7-28 | 03/09/09 | 857816495713 | Ladyville, Belize |
| 7-29 | 06/18/09 | 857816494279 | Ladyville, Belize |
| 7-30 | 06/22/09 | 867289669295 | Ladyville, Belize |
| 7-31 | 07/06/09 | 857816494360 | Ladyville, Belize |
| 7-32 | 07/13/09 | 857816494419 | Ladyville, Belize |
| 7-33 | 07/27/09 | 851567110592 | Ladyville, Belize |
| 7-34 | 08/10/09 | 851567110581 | Ladyville, Belize |
| 7-35 | 08/19/09 | 851567110570 | Ladyville, Belize |
| 7-36 | 09/16/09 | 851567110560 | Ladyville, Belize |
| 7-37 | 10/01/09 | 857816495014 | Ladyville, Belize |
| 7-38 | 10/08/09 | 857816495025 | Ladyville, Belize |
| 7-39 | 10/27/09 | 857816495036 | Ladyville, Belize |
| 7-40 | 11/12/09 | 857816495047 | Ladyville, Belize |
| 7-41 | 11/19/09 | 857816495058 | Ladyville, Belize |
| 7-42 | 12/11/09 | 857816495069 | Ladyville, Belize |
| 7-43 | 12/21/09 | 857816495070 | Ladyville, Belize |
| 7-44 | 01/23/10 | 857816494990 | Ladyville, Belize |
| 7-45 | 02/08/10 | 857816496021 | Ladyville, Belize |

## RACKETEERING ACT NUMBER EIGHT
(Interstate travel in aid of racketeering enterprises.)

The defendant **TODD LYONS** committed the following acts involving interstate travel in aid of racketeering enterprises, the commission of any one of which constitutes the commission of Racketeering Act Number Eight.

10.     From in or before 2003 and continuing through February 2005, in the District of Massachusetts and elsewhere, the defendant **TODD LYONS** and others known and unknown to the Grand Jury, each aiding and abetting the other, did use the mail and any facility in interstate and foreign commerce with intent to distribute the proceeds of unlawful activity and to otherwise promote, manage, establish, carry on, and facilitate the promotion, management, and carrying on, of any unlawful activity, to wit, a business enterprise involving gambling in violation of Title 18, United States Code, Sections 1955 and 1084, in that the defendant sent divers materials including but not limited to the proceeds of illegal gambling activity in violation of Title 18, United States

21

Code, Section 1955 to Sports Offshore in St. John's, Antigua and Cache Management in Ladyville

Belize via Federal Express as specifically set forth in the subpredicate racketeering acts below in

violation of Title 18, United States Code, Section 1952(a)(1) and 2.

| RA | Date | Tracking Number | Destination |
|------|----------|----------------|---------------------|
| 8-1 | 06/06/03 | 818809743483 | St. John's, Antigua |
| 8-2 | 08/26/03 | 820212154337 | St. John's, Antigua |
| 8-3 | 10/21/03 | 820212154326 | St. John's, Antigua |
| 8-4 | 02/05/04 | 828851189093 | St. John's, Antigua |
| 8-5 | 04/20/04 | 828851189130 | St. John's, Antigua |
| 8-6 | 09/14/04 | 828851189082 | St. John's, Antigua |
| 8-7 | 11/03/04 | 848029738351 | St. John's, Antigua |
| 8-8 | 03/08/05 | 820212154315 | St. John's, Antigua |
| 8-9 | 05/10/05 | 848029738373 | St. John's, Antigua |
| 8-10 | 05/25/05 | 851812077742 | St. John's, Antigua |
| 8-11 | 07/27/05 | 815006787004 | St. John's, Antigua |
| 8-12 | 09/21/05 | 817364393973 | St. John's, Antigua |

## RACKETEERING ACT NINE
(Tampering With a Witness)

11.     In or about and between March 2, 2010 and March 11, 2010, such dates being

approximate and inclusive, within the District of Massachusetts and elsewhere, the defendant

**ROBERT EREMIAN** corruptly attempted to persuade, and did engage in misleading conduct

toward another person, with intent to influence the testimony of that person in an official

proceeding, to wit, the defendant sought to influence the testimony of John Sullivan as a witness

in a Federal Grand Jury proceeding in violation of Section 1512(b)(1) of Title 18 of the United

States Code.

22

## RACKETEERING ACT TEN
(Tampering With a Witness)

12.     In or about February 2010, within the District of Massachusetts and elsewhere, the

defendant **ROBERT EREMIAN** corruptly attempted to persuade, and did engage in misleading

conduct toward another person, with intent to influence the testimony of that person in an official

proceeding, to wit, the defendant sought to influence the testimony of John Olsen as a witness in

a Federal Grand Jury proceeding in violation of Section 1512(b)(1) of Title 18 of the United

States Code.

## RACKETEERING ACT ELEVEN
(Tampering With a Witness)

13.     The defendant **ROBERT EREMIAN** committed the following acts involving

tampering with a witness, the commission of any one of which constitutes the commission of

Racketeering Act Number Eleven.

        (a)     In or about December 2009, within the District of Massachusetts and

elsewhere, the defendant **ROBERT EREMIAN** corruptly attempted to persuade, and did engage

in misleading conduct toward another person, with intent to influence the testimony of that person

in an official proceeding, to wit, the defendant sought to influence the testimony of Richard

Ducharme as a witness in a Federal Grand Jury proceeding in violation of Section 1512(b)(1) of

Title 18 of the United States Code.

        (b)     In or about December 2009, within the District of Massachusetts and

elsewhere, the defendant **ROBERT EREMIAN** corruptly attempted to persuade, and did engage

in misleading conduct toward another person, with intent to cause and induce that person to

destroy an object with intent to impair the object's integrity and availability for use in an official

23

proceeding, to wit, the defendant sought to induce Richard Ducharme, a witness in a Federal Grand Jury proceeding, to destroy records relevant to the Grand Jury's inquiry in violation of Section 1512(b)(2)(B) of Title 18 of the United States Code.

## COLLECTION OF UNLAWFUL DEBT

14.     The collection of unlawful debt as defined by Title 18, United States Code, Section 1961(6), that is, a debt (A) incurred or contracted in gambling activity which was in violation of the law of the United States or the law of the Commonwealth of Massachusetts, and (B) which was incurred in connection with the business of gambling in violation of the law of the United States or the law of the Commonwealth of Massachusetts, through which the defendants agreed to conduct and participate in the affairs of the enterprise, which was engaged in and the activities of which affected interstate commerce, consisted of multiple acts of collecting and attempting to collect and aiding and abetting in the collection and attempted collection of unlawful gambling debts as follows:

a.     From in or before 2005 and continuing until in or after 2006, the defendants **ROBERT EREMIAN, RICHARD SULLIVAN, TODD LYONS,** and others known and unknown to the Grand Jury, participated in the collection and attempted collection of unlawful gambling debts from Gregory Antonelli.

b     From in or before 2002 and continuing until in or about 2005, the defendants **ROBERT EREMIAN, RICHARD SULLIVAN, TODD LYONS,** and others known and unknown to the Grand Jury, participated in the collection and attempted collection of unlawful gambling debts from Thomas Belekewicz.

24

c.      From in or before 1997 and continuing until in or about April 2010, the defendants **ROBERT EREMIAN, RICHARD SULLIVAN, TODD LYONS** and others known and unknown to the Grand Jury, participated in the collection and attempted collection of unlawful gambling debts from Michael Catena.

d.      From in or before 1997 and continuing until in or about 2007, the defendants **ROBERT EREMIAN, RICHARD SULLIVAN, TODD LYONS,** and others known and unknown to the Grand Jury, participated in the collection and attempted collection of unlawful gambling debts from Scott Clayman.

e.      From in or before 2007 and continuing until in or about 2009, the defendants **ROBERT EREMIAN, DANIEL EREMIAN, RICHARD SULLIVAN,** and others known and unknown to the Grand Jury, participated in the collection and attempted collection of unlawful gambling debts from Herbert Davidson.

f.      From in or before 2000 and continuing until in or about 2010, the defendants **ROBERT EREMIAN, RICHARD SULLIVAN, TODD LYONS,** and others known and unknown to the Grand Jury, participated in the collection and attempted collection of unlawful gambling debts from Thomas Driscoll.

g.      From in or before 1997 and continuing until in or about 2009, the defendants **ROBERT EREMIAN, RICHARD SULLIVAN,** and others known and unknown to the Grand Jury, participated in the collection and attempted collection of unlawful gambling debts from Richard Ducharme.

h.      From in or before 2003 and continuing until in or about 2009, the defendants **ROBERT EREMIAN, RICHARD SULLIVAN, TODD LYONS,** and others known

and unknown to the Grand Jury, participated in the collection and attempted collection of unlawful gambling debts from Michael Galvin.

i.      From in or before 2004 and continuing until in or about 2006, the defendants **ROBERT EREMIAN, RICHARD SULLIVAN, TODD LYONS,** and others known and unknown to the Grand Jury, participated in the collection and attempted collection of unlawful gambling debts from David Laird.

j.      In 2009, the defendants **ROBERT EREMIAN, RICHARD SULLIVAN,** and others known and unknown to the Grand Jury, participated in the collection and attempted collection of unlawful gambling debts from Kenneth Lindsay.

k.      From in or before 2005 and continuing until in or about 2006, the defendants **ROBERT EREMIAN, DANIEL EREMIAN, RICHARD SULLIVAN,** and others known and unknown to the Grand Jury, participated in the collection and attempted collection of unlawful gambling debts from Timothy Lowry.

l.      From in or before 1997 and continuing until in or about 2005, the defendants **ROBERT EREMIAN, RICHARD SULLIVAN, TODD LYONS,** and others known and unknown to the Grand Jury, participated in the collection and attempted collection of unlawful gambling debts from James Maher.

m.     From in or before 1997 and continuing until in or about April 2010, the defendants **ROBERT EREMIAN, RICHARD SULLIVAN, TODD LYONS,** and others known and unknown to the Grand Jury, participated in the collection and attempted collection of unlawful gambling debts from Christopher Means.

26

n.      From in or before 1997 and continuing until in or about April 2010, the defendants **ROBERT EREMIAN, RICHARD SULLIVAN, TODD LYONS,** and others known and unknown to the Grand Jury, participated in the collection and attempted collection of unlawful gambling debts from William Means.

o.      From in or before 2005 and continuing until in or about April 2010, the defendants **ROBERT EREMIAN, RICHARD SULLIVAN, TODD LYONS,** and others known and unknown to the Grand Jury, participated in the collection and attempted collection of unlawful gambling debts from Christopher Michaud.

p.      From in or before 2001 and continuing until in or about 2009, the defendants **ROBERT EREMIAN, RICHARD SULLIVAN, TODD LYONS,** and others known and unknown to the Grand Jury, participated in the collection and attempted collection of unlawful gambling debts from Scott Moore.

q.      From in or before 1997 and continuing until in or about 2010, the defendants **ROBERT EREMIAN, DANIEL EREMIAN, RICHARD SULLIVAN, TODD LYONS,** and others known and unknown to the Grand Jury, participated in the collection and attempted collection of unlawful gambling debts from John Olsen.

r.      From in or before 1997 and continuing until in or about 2008, the defendants **ROBERT EREMIAN, RICHARD SULLIVAN,** and others known and unknown to the Grand Jury, participated in the collection and attempted collection of unlawful gambling debts from Lindsey Perry.

s.      From in or before 1999 and continuing until in or about 2009, the defendants **ROBERT EREMIAN, RICHARD SULLIVAN, TODD LYONS,** and others known

and unknown to the Grand Jury, participated in the collection and attempted collection of unlawful gambling debts from Andrew Pomper.

t.     From in or before 2002 and continuing until in or about 2008, the defendants **ROBERT EREMIAN, RICHARD SULLIVAN,** and others known and unknown to the Grand Jury, participated in the collection and attempted collection of unlawful gambling debts from George Prussin.

u.     From in or before 1999 and continuing until in or about April 2010, the defendants **ROBERT EREMIAN, RICHARD SULLIVAN, TODD LYONS,** and others known and unknown to the Grand Jury, participated in the collection and attempted collection of unlawful gambling debts from Louis Restuccia.

v.     From in or before 2007 and continuing until in or about 2009, the defendants **ROBERT EREMIAN, RICHARD SULLIVAN, TODD LYONS,** and others known and unknown to the Grand Jury, participated in the collection and attempted collection of unlawful gambling debts from Linda Richardson.

w.     In or about and between January 2010 and February 2010, the defendants **ROBERT EREMIAN, DANIEL EREMIAN, RICHARD SULLIVAN** and others known and unknown to the Grand Jury, participated in the collection and attempted collection of unlawful gambling debts from Scott Schiff.

x.     From in or before 2004 and continuing until in or about 2006, the defendants **ROBERT EREMIAN, DANIEL EREMIAN, RICHARD SULLIVAN,** and others known and unknown to the Grand Jury, participated in the collection and attempted collection of unlawful gambling debts from Robert Simon.

y.    From in or before 2000 and continuing until in or about 2004, the defendants **ROBERT EREMIAN, RICHARD SULLIVAN, TODD LYONS,** and others known and unknown to the Grand Jury, participated in the collection and attempted collection of unlawful gambling debts from Eric Stone.

z.    From in or before 2000 and continuing until in or about 2007, the defendants **ROBERT EREMIAN, RICHARD SULLIVAN, TODD LYONS,** and others known and unknown to the Grand Jury, participated in the collection and attempted collection of unlawful gambling debts from Craig Tattan.

aa.    From in or before 1997 and continuing until in or about 2009, the defendants **ROBERT EREMIAN, RICHARD SULLIVAN, TODD LYONS,** and others known and unknown to the Grand Jury, participated in the collection and attempted collection of unlawful gambling debts from Mark Thomas.

bb.    From in or before 1999 and continuing until in or about 2006, the defendants **ROBERT EREMIAN, RICHARD SULLIVAN, TODD LYONS,** and others known and unknown to the Grand Jury, participated in the collection and attempted collection of unlawful gambling debts from Justin Waranis.

cc.    From in or before 1999 and continuing until in or about 2009, the defendants **ROBERT EREMIAN, RICHARD SULLIVAN, TODD LYONS,** and others known and unknown to the Grand Jury, participated in the collection and attempted collection of unlawful gambling debts from Chi Wong.

All in violation of Title 18, United States Code, Section 1962(c).

29

<u>COUNT THREE</u>
(Illegal Gambling Business - Sports Wagering)

From in or before 1997 and continuing at least until in or about April 2010, in the District

of Massachusetts and elsewhere, the defendants herein,

## ROBERT EREMIAN,
## DANIEL EREMIAN,
## RICHARD SULLIVAN, and
## TODD LYONS

and others known and unknown to the Grand Jury, each aiding and abetting the other, conducted,

financed, managed, supervised, directed, and owned all or part of an illegal gambling business to

wit: a sports betting business which constituted a violation of the laws of the Commonwealth of

Massachusetts (Chapter 271, Sections 5, 5A, 16A, 17, and 17A of the General Laws of the

Commonwealth of Massachusetts) which involved five or more persons who conducted all or part

of such business and which had been in substantially continuous operation for a period in excess

of thirty days and had a gross revenue of $2,000 in any single day.


In violation of Title 18, United States Code, Sections 1955 and 2.

## COUNT FOUR
(Use of Wire Communication Facility - Telephone)

From in or before 1997 and continuing at least until in or about April 2010, in the District of Massachusetts  and elsewhere, the defendants herein,

**ROBERT EREMIAN,
DANIEL EREMIAN,
RICHARD SULLIVAN, and
TODD LYONS**

and others known and unknown to the Grand Jury, each aiding and abetting the other, being engaged in the business of betting and wagering, knowingly used a wire communication facility for the transmission in interstate and foreign commerce of bets and wagers and information assisting in the placing of bets and wagers on any sporting event and contest, and for the transmission of a wire communication which entitled the recipient to receive money and credit as a result of bets and wagers, namely, the defendants used of a toll-free telephone line to an offshore gaming office located in St. John's, Antigua for the purpose of placing wagers on sporting events.

In violation of Title 18, United States Code, Sections 1084 and 2.

<u>COUNT FIVE</u>
(Use of Wire Communication Facility - Internet)

From in or before 1999 and continuing at least until in or about April 2010, in the District

of Massachusetts and elsewhere, the defendants herein,

**ROBERT EREMIAN,**
**DANIEL EREMIAN,**
**RICHARD SULLIVAN,** and
**TODD LYONS**

and others known and unknown to the Grand Jury, each aiding and abetting the other, being

engaged in the business of betting and wagering, knowingly used a wire communication facility

for the transmission in interstate and foreign commerce of bets and wagers and information

assisting in the placing of bets and wagers on any sporting event and contest, and for the

transmission of a wire communication which entitled the recipient to receive money and credit as

a result of bets and wagers, namely, the defendants operated an Internet site located in St. John's,

Antigua for the purpose of placing wagers on sporting events.

In violation of Title 18, United States Code, Sections 1084 and 2.

## COUNT SIX
(Money Laundering Conspiracy)

From in or before 1999 and continuing through January 2010, both dates being

approximate and inclusive, within the District of Massachusetts and elsewhere, the defendants

herein,

## ROBERT EREMIAN,
## DANIEL EREMIAN,
## RICHARD SULLIVAN, and
## TODD LYONS

and others known and unknown to the Grand Jury, knowing that the property involved in financial

transactions represented the proceeds of some form of unlawful activity, did knowingly and

unlawfully conspire, confederate, and agree to conduct financial transactions, affecting interstate

and foreign commerce, which in fact involved the proceeds of illegal gambling activity in

violation of Title 18, United States Code, Sections 1955 and 1084, knowing that the transactions

were designed in whole and in part to conceal and disguise the nature, the location, the source, the

ownership, and the control of the proceeds of said illegal gambling activity, in violation of Section

1956(h) of Title 18 of the United States Code.

a.      It was a part of the conspiracy that the defendants **ROBERT EREMIAN,**

**DANIEL EREMIAN, RICHARD SULLIVAN,** and **TODD LYONS** and others known and

unknown to the Grand Jury, disguised gambling revenue due and owing to the Sports Offshore

Organization by instructing gamblers and agents of the Sports Offshore Organization to create

financial instruments and wire transfers payable to Benevolence Funding, Ltd., DeSoto Ltd., G L

Holdings Ltd., Cache Management, and Southern Construction Management, entities with no

33

legitimate business purpose other than to launder the proceeds of the Sports Offshore

Organization's illegal gambling business.

       b.      It was a part of the conspiracy that the defendants **ROBERT EREMIAN,**

**DANIEL EREMIAN, RICHARD SULLIVAN,** and **TODD LYONS** and others known and

unknown to the Grand Jury, used facilities in interstate and foreign commerce to distribute the

proceeds of illegal gambling activity

        In violation of Section 1956(h) of Title 18 of the United States Code.

## COUNTS SEVEN THROUGH ONE HUNDRED FIFTY-NINE
(Money Laundering)

From in or before 2005 and continuing through January 2010, in the District of

Massachusetts and elsewhere, the defendants herein,

### ROBERT EREMIAN,
### DANIEL EREMIAN,
### RICHARD SULLIVAN, and
### TODD LYONS

and others known and unknown to the Grand Jury, each aiding and abetting the other, knowing

that the property involved in financial transactions represented the proceeds of some form of

unlawful activity, conducted and attempted to conduct financial transactions which affected

interstate and foreign commerce and which in fact involved the proceeds of illegal gambling

activity in violation of Title 18, United States Code, Sections 1955 and 1084, to wit, wire transfers

and the delivery and negotiation of checks made payable to Benevolence Funding, Ltd., DeSoto

Ltd., G L Holdings Ltd., Cache Management, Steib's Sales East Coast and Southern Construction

Management in the approximate aggregate amount of $3,269,315 as specifically set forth below

knowing that the transactions were designed in whole or in part to conceal and disguise the nature,

the location, the source, the ownership, and the control of the proceeds of the said unlawful

activity.

| Count | Date | Amount | Instrument | Payee |
|-------|------|--------|------------|-------|
| 7 | 12/21/05 | 25,000.00 | 16365 | Benevolence Funding |
| 8 | 01/13/06 | 30,000.00 | 16471 | Benevolence Funding |
| 9 | 02/10/06 | 60,000.00 | 321989 | Benevolence Funding |
| 10 | 03/01/06 | 30,000.00 | 321997 | Benevolence Funding |
| 11 | 11/17/05 | 20,381.00 | Wire | Benevolence Funding |
| 12 | 12/05/05 | 86,591.25 | Wire | Benevolence Funding |
| 13 | 09/09/05 | 7,500.00 | 2035 | Benevolence Funding |
| 14 | 09/09/05 | 8,400.00 | 2036 | Benevolence Funding |

| 15 | 09/19/05 | 30,000.00 | 1 | Benevolence Funding |
|----|----------|-----------|---|---------------------|
| 16 | 02/02/06 | 25,000.00 | 2089 | Benevolence Funding |
| 17 | 02/07/06 | 15,000.00 | 2090 | Benevolence Funding |
| 18 | 02/17/06 | 15,000.00 | 2095 | Benevolence Funding |
| 19 | 02/24/06 | 15,000.00 | 104 | Benevolence Funding |
| 20 | 03/02/06 | 10,000.00 | 2098 | Benevolence Funding |
| 21 | 03/09/06 | 5,000.00 | 106 | Benevolence Funding |
| 22 | 03/09/06 | 5,000.00 | 2100 | Benevolence Funding |
| 23 | 03/17/06 | 5,000.00 | 2104 | Benevolence Funding |
| 24 | 03/23/06 | 10,000.00 | 2106 | Benevolence Funding |
| 25 | 04/07/06 | 10,000.00 | 113 | Benevolence Funding |
| 26 | 04/25/06 | 5,000.00 | 114 | Benevolence Funding |
| 27 | 04/25/06 | 5,000.00 | 2121 | Benevolence Funding |
| 28 | 05/05/06 | 10,000.00 | 2124 | DeSoto Limited |
| 29 | 05/26/06 | 10,000.00 | 2138 | DeSoto Limited |
| 30 | 06/16/06 | 10,000.00 | 2147 | DeSoto Limited |
| 31 | 06/29/06 | 10,000.00 | 2155 | DeSoto Limited |
| 32 | 07/07/06 | 10,000.00 | 2162 | DeSoto Limited |
| 33 | 8/11/06 | 10,000.00 | 2177 | DeSoto Limited |
| 34 | 01/11/06 | 2,750.00 | 2534 | Benevolence Funding |
| 35 | 02/20/06 | 12,950.00 | 2554 | Benevolence Funding |
| 36 | 04/07/06 | 10,000.00 | 121 | Benevolence Funding |
| 37 | 11/24/05 | 17,850.00 | 1554 | Benevolence Funding |
| 38 | 12/05/05 | 11,000.00 | 1556 | Benevolence Funding |
| 39 | 01/05/06 | 14,600.00 | 1572 | Benevolence Funding |
| 40 | 01/11/06 | 20,000.00 | 1577 | Benevolence Funding |
| 41 | 02/13/06 | 25,000.00 | 1587 | Benevolence Funding |
| 42 | 02/27/06 | 14,600.00 | 1588 | Benevolence Funding |
| 43 | 12/15/05 | 2,000.00 | 191350671 | Benevolence Funding |
| 44 | 10/13/05 | 1,500.00 | 407541348 | Benevolence Funding |
| 45 | 10/18/05 | 500.00 | 191350411 | Benevolence Funding |
| 46 | 01/18/06 | 4,000.00 | 191350819 | Benevolence Funding |
| 47 | 02/02/06 | 3,000.00 | 191350896 | Benevolence Funding |
| 48 | 03/14/06 | 1,700.00 | 191367327 | Benevolence Funding |
| 49 | 06/06/06 | 4,000.00 | 407541675 | Benevolence Funding |
| 50 | 06/28/06 | 2,500.00 | 407501278 | Benevolence Funding |
| 51 | 08/29/06 | 4,900.00 | 407501563 | Benevolence Funding |
| 52 | 03/24/06 | 3,400.00 | 532789850 | Benevolence Funding |
| 53 | 05/08/06 | 4,000.00 | 407541521 | Benevolence Funding |
| 54 | 01/05/06 | 20,000.00 | 16234 | Benevolence Funding |
| 55 | 04/03/06 | 18,000.00 | 16505 | Benevolence Funding |
| 56 | 06/22/06 | 30,000.00 | 94 | Benevolence Funding |
| 57 | 09/30/05 | 6,107.00 | 1342 | Benevolence Funding |
| 58 | 07/18/06 | 5,000.00 | 231 | DeSoto Limited |

| 59  | 01/13/06 | 50,000.00 | 316772399 | DeSoto Limited      |
|-----|----------|-----------|-----------|---------------------|
| 60  | 09/08/05 | 38,000.00 | 396311573 | Benevolence Funding |
| 61  | 09/28/05 | 21,978.00 | 396311688 | Benevolence Funding |
| 62  | 11/25/05 | 26,200.00 | 4641427   | Benevolence Funding |
| 63  | 01/20/06 | 20,000.00 | 316772429 | DeSoto Limited      |
| 64  | 02/17/06 | 9,500.00  | 316772603 | DeSoto Limited      |
| 65  | 03/06/06 | 18,000.00 | 4967602   | DeSoto Limited      |
| 66  | 03/09/06 | 30,000.00 | 215401552 | DeSoto Limited      |
| 67  | 07/11/06 | 60,000.00 | 5148580   | DeSoto Limited      |
| 68  | 09/11/06 | 20,000.00 | 5148058   | Benevolence Funding |
| 69  | 09/11/06 | 24,900.00 | 5148059   | DeSoto Limited      |
| 70  | 01/05/06 | 8,000.00  | 2112      | Benevolence Funding |
| 71  | 02/14/06 | 7,500.00  | 2205      | DeSoto Limited      |
| 72  | 09/12/05 | 5,030.00  | 4159      | Benevolence Funding |
| 73  | 10/10/05 | 2,190.00  | 4162      | Benevolence Funding |
| 74  | 01/10/06 | 3,800.00  | 4177      | DeSoto Limited      |
| 75  | 03/07/06 | 2,800.00  | 4234      | DeSoto Limited      |
| 76  | 03/22/06 | 12,100.00 | 11533     | DeSoto Limited      |
| 77  | 04/05/06 | 7,060.00  | 11583     | DeSoto Limited      |
| 78  | 07/05/06 | 8,100.00  | 11999     | DeSoto Limited      |
| 79  | 12/06/05 | 25,000.00 | 126       | Benevolence Funding |
| 80  | 01/11/06 | 30,000.00 | 186       | Benevolence Funding |
| 81  | 01/26/06 | 25,000.00 | 229       | Benevolence Funding |
| 82  | 09/08/05 | 12,275.00 | 1011      | Benevolence Funding |
| 83  | 10/12/05 | 4,500.00  | 1015      | Benevolence Funding |
| 84  | 09/13/05 | 7,000.00  | 208152    | Benevolence Funding |
| 85  | 09/13/05 | 5,000.00  | 208153    | Benevolence Funding |
| 86  | 02/07/06 | 13,000.00 | 276878554 | DeSoto Limited      |
| 87  | 09/12/05 | 20,000.00 | 531       | Benevolence Funding |
| 88  | 11/21/05 | 15,000.00 | 545       | Benevolence Funding |
| 89  | 07/20/06 | 20,000.00 | 611       | Benevolence Funding |
| 90  | 10/27/06 | 50,000.00 | Wire      | Benevolence Funding |
| 91  | 11/24/06 | 25,000.00 | Wire      | Benevolence Funding |
| 92  | 05/03/07 | 20,000.00 | Wire      | DeSoto Limited      |
| 93  | 06/01/07 | 15,000.00 | Wire      | Benevolence Funding |
| 94  | 06/15/07 | 30,000.00 | Wire      | DeSoto Limited      |
| 95  | 12/18/05 | 5,000.00  | 1866      | Benevolence Funding |
| 96  | 05/01/06 | 10,000.00 | 1013      | Benevolence Funding |
| 97  | 07/14/06 | 7,500.00  | 4404      | DeSoto Limited      |
| 98  | 07/17/06 | 7,500.00  | 4405      | Benevolence Funding |
| 99  | 05/01/08 | 7,500.00  | 4499      | Benevolence Funding |
| 100 | 05/01/08 | 7,500.00  | 4498      | G L Holdings Ltd    |
| 101 | 10/04/05 | 10,000.00 | 1527      | Benevolence Funding |
| 102 | 02/01/06 | 10,000.00 | 1547      | DeSoto Limited      |

| 103 | 09/27/05 | 55,500.00 | 571 | Benevolence Funding |
| 104 | 12/06/05 | 20,000.00 | 651 | Benevolence Funding |
| 105 | 12/20/05 | 61,500.00 | 671 | Benevolence Funding |
| 106 | 01/04/06 | 105,000.00 | 687 | Benevolence Funding |
| 107 | 01/09/06 | 136,200.00 | 695 | DeSoto Limited |
| 108 | 02/07/06 | 36,400.00 | 728 | DeSoto Limited |
| 109 | 01/11/07 | 100,000.00 | Wire | DeSoto Limited |
| 110 | 11/29/07 | 70,000.00 | Wire | G L Holdings Ltd |
| 111 | 01/18/08 | 50,000.00 | Wire | G L Holdings Ltd |
| 112 | 01/24/08 | 50,000.00 | Wire | G L Holdings Ltd |
| 113 | 10/27/08 | 125,000.00 | Wire | Benevolence Funding |
| 114 | 04/14/08 | 50,000.00 | Wire | G L Holdings Ltd |
| 115 | 09/24/08 | 73,000.00 | Wire | G L Holdings Ltd |
| 116 | 09/25/08 | 73,000.00 | Wire | G L Holdings Ltd |
| 117 | 11/17/08 | 100,000.00 | Wire | Benevolence Funding |
| 118 | 03/01/10 | 88,305.00 | Wire | Steib's Sales East Coast |
| 119 | 09/12/05 | 32,000.00 | 1503 | Benevolence Funding |
| 120 | 09/26/05 | 30,000.00 | 1510 | Benevolence Funding |
| 121 | 02/13/06 | 33,000.00 | 1581 | Benevolence Funding |
| 122 | 11/24/08 | 23,750.00 | 2064 | Southern Construction |
| 123 | 10/12/09 | 25,775.00 | 2244 | Southern Construction |
| 124 | 11/10/09 | 29,800.00 | 2256 | Southern Construction |
| 125 | 03/13/06 | 36,000.00 | 1607 | Benevolence Funding |
| 126 | 10/17/05 | 5,226.00 | 498575345 | Benevolence Funding |
| 127 | 12/14/05 | 60,000.00 | 2535 | Benevolence Funding |
| 128 | 09/28/05 | 5,000.00 | 1647 | Benevolence Funding |
| 129 | 10/29/05 | 4,000.00 | 1730 | Benevolence Funding |
| 130 | 12/01/05 | 4,000.00 | 1729 | Benevolence Funding |
| 131 | 12/15/05 | 4,000.00 | 1728 | Benevolence Funding |
| 132 | 04/12/06 | 4,000.00 | 1809 | Benevolence Funding |
| 133 | 05/02/06 | 9,000.00 | 1910 | Benevolence Funding |
| 134 | 09/01/05 | 4,000.00 | 417 | Benevolence Funding |
| 135 | 12/01/05 | 5,000.00 | 2633 | Benevolence Funding |
| 136 | 12/01/05 | 4,097.00 | 2635 | Benevolence Funding |
| 137 | 12/05/05 | 4,000.00 | 2634 | Benevolence Funding |
| 138 | 01/05/06 | 4,400.00 | 2667 | Benevolence Funding |
| 139 | 01/05/06 | 4,000.00 | 2668 | Benevolence Funding |
| 140 | 01/20/06 | 7,000.00 | 2678 | Benevolence Funding |
| 141 | 01/20/06 | 6,500.00 | 2679 | Benevolence Funding |
| 142 | 01/26/06 | 2,700.00 | 2691 | Benevolence Funding |
| 143 | 02/09/06 | 3,950.00 | 2698 | Benevolence Funding |
| 144 | 09/12/05 | 40,000.00 | 138 | Benevolence Funding |
| 145 | 11/12/05 | 20,000.00 | 148 | Benevolence Funding |
| 146 | 12/28/05 | 20,000.00 | 156 | Benevolence Funding |

| 147 | 10/13/05 | 8,000.00 | 496266748 | Benevolence Funding |
| 148 | 01/04/06 | 6,000.00 | 498397689 | Benevolence Funding |
| 149 | 03/13/06 | 6,000.00 | 207932113 | Benevolence Funding |
| 150 | 12/03/05 | 5,000.00 | 4657 | Benevolence Funding |
| 151 | 01/09/06 | 7,400.00 | 4706 | DeSoto Limited |
| 152 | 02/06/06 | 10,500.00 | 4721 | DeSoto Limited |
| 153 | 07/10/06 | 6,000.00 | 4777 | DeSoto Limited |
| 154 | 8/21/07 | 6,500.00 | 2470 | Cache Management |
| 155 | 10/18/07 | 9,200.00 | 2475 | Cache Management |
| 156 | 4/8/08 | 9,200.00 | 2624 | Cache Management |
| 157 | 10/1/09 | 9,700.00 | 2723 | Cache Management |
| 158 | 1/19/10 | 9,700.00 | 2725 | Cache Management |
| 159 | 12/1/08 | 71,850.00 | 1635 | Southern Construction |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i), and 2.

COUNTS ONE HUNDRED SIXTY THROUGH TWO HUNDRED THIRTY-TWO
(Money Laundering)

From in or before 2005 and continuing through 2009, in the District of Massachusetts and

elsewhere, the defendants herein,

## ROBERT EREMIAN,
## DANIEL EREMIAN,
## RICHARD SULLIVAN, and
## TODD LYONS

and others known and unknown to the Grand Jury, each aiding and abetting the other, knowingly

engaged in and attempted to engage in monetary transactions as set forth below in criminally

derived property that was of a value greater than $10,000, said property having been derived from

specified unlawful activity, that is, the proceeds of illegal gambling activity.

| Count | Date | Amount | Instrument | Payee |
|-------|----------|-----------|-----------|---------------------|
| 160 | 02/02/06 | 25,000.00 | 2089 | Benevolence Funding |
| 161 | 02/07/06 | 15,000.00 | 2090 | Benevolence Funding |
| 162 | 02/17/06 | 15,000.00 | 2095 | Benevolence Funding |
| 163 | 02/24/06 | 15,000.00 | 104 | Benevolence Funding |
| 164 | 02/20/06 | 12,950.00 | 2554 | Benevolence Funding |
| 165 | 11/24/05 | 17,850.00 | 1554 | Benevolence Funding |
| 166 | 12/05/05 | 11,000.00 | 1556 | Benevolence Funding |
| 167 | 01/05/06 | 14,600.00 | 1572 | Benevolence Funding |
| 168 | 01/11/06 | 20,000.00 | 1577 | Benevolence Funding |
| 169 | 02/13/06 | 25,000.00 | 1587 | Benevolence Funding |
| 170 | 02/27/06 | 14,600.00 | 1588 | Benevolence Funding |
| 171 | 01/05/06 | 20,000.00 | 16234 | Benevolence Funding |
| 172 | 04/03/06 | 18,000.00 | 16505 | Benevolence Funding |
| 173 | 06/22/06 | 30,000.00 | 94 | Benevolence Funding |
| 174 | 01/13/06 | 50,000.00 | 316772399 | DeSoto Limited |
| 175 | 09/08/05 | 38,000.00 | 396311573 | Benevolence Funding |
| 176 | 09/28/05 | 21,978.00 | 396311688 | Benevolence Funding |
| 177 | 11/25/05 | 26,200.00 | 4641427 | Benevolence Funding |
| 178 | 01/20/06 | 20,000.00 | 316772429 | DeSoto Limited |
| 179 | 03/06/06 | 18,000.00 | 4967602 | DeSoto Limited |
| 180 | 03/09/06 | 30,000.00 | 215401552 | DeSoto Limited |
| 181 | 07/11/06 | 60,000.00 | 5148580 | DeSoto Limited |

| 182 | 09/11/06 | 20,000.00 | 5148058 | Benevolence Funding |
| 183 | 09/11/06 | 24,900.00 | 5148059 | DeSoto Limited |
| 184 | 03/22/06 | 12,100.00 | 11533 | DeSoto Limited |
| 185 | 12/06/05 | 25,000.00 | 126 | Benevolence Funding |
| 186 | 01/11/06 | 30,000.00 | 186 | Benevolence Funding |
| 187 | 01/26/06 | 25,000.00 | 229 | Benevolence Funding |
| 188 | 09/08/05 | 12,275.00 | 1011 | Benevolence Funding |
| 189 | 11/21/05 | 15,000.00 | 545 | Benevolence Funding |
| 190 | 07/20/06 | 20,000.00 | 611 | Benevolence Funding |
| 191 | 10/27/06 | 50,000.00 | Wire | Benevolence Funding |
| 192 | 11/24/06 | 25,000.00 | Wire | Benevolence Funding |
| 193 | 05/03/07 | 20,000.00 | Wire | DeSoto Limited |
| 194 | 06/01/07 | 15,000.00 | Wire | Benevolence Funding |
| 195 | 06/15/07 | 30,000.00 | Wire | DeSoto Limited |
| 196 | 09/27/05 | 55,500.00 | 571 | Benevolence Funding |
| 197 | 12/06/05 | 20,000.00 | 651 | Benevolence Funding |
| 198 | 12/20/05 | 61,500.00 | 671 | Benevolence Funding |
| 199 | 01/04/06 | 105,000.00 | 687 | Benevolence Funding |
| 200 | 01/09/06 | 136,200.00 | 695 | DeSoto Limited |
| 201 | 02/07/06 | 36,400.00 | 728 | DeSoto Limited |
| 202 | 01/11/07 | 100,000.00 | Wire | DeSoto Limited |
| 203 | 11/29/07 | 70,000.00 | Wire | G L Holdings Ltd |
| 204 | 01/18/08 | 50,000.00 | Wire | G L Holdings Ltd |
| 205 | 01/24/08 | 50,000.00 | Wire | G L Holdings Ltd |
| 206 | 10/27/08 | 125,000.00 | Wire | Benevolence Funding |
| 207 | 04/14/08 | 50,000.00 | Wire | G L Holdings Ltd |
| 208 | 09/24/08 | 73,000.00 | Wire | G L Holdings Ltd |
| 209 | 09/25/08 | 73,000.00 | Wire | G L Holdings Ltd |
| 210 | 11/17/08 | 100,000.00 | Wire | Benevolence Funding |
| 211 | 03/01/10 | 88,305.00 | Wire | Steib's Sales East Coast |
| 212 | 09/12/05 | 32,000.00 | 1503 | Benevolence Funding |
| 213 | 09/26/05 | 30,000.00 | 1510 | Benevolence Funding |
| 214 | 02/13/06 | 33,000.00 | 1581 | Benevolence Funding |
| 215 | 11/24/08 | 23,750.00 | 2064 | Southern Construction |
| 216 | 10/12/09 | 25,775.00 | 2244 | Southern Construction |
| 217 | 11/10/09 | 29,800.00 | 2256 | Southern Construction |
| 218 | 03/13/06 | 36,000.00 | 1607 | Benevolence Funding |
| 219 | 12/14/05 | 60,000.00 | 2535 | Benevolence Funding |
| 220 | 09/12/05 | 40,000.00 | 138 | Benevolence Funding |
| 221 | 11/12/05 | 20,000.00 | 148 | Benevolence Funding |
| 222 | 12/28/05 | 20,000.00 | 156 | Benevolence Funding |
| 223 | 02/06/06 | 10,500.00 | 4721 | DeSoto Limited |
| 224 | 9/12/05 | 20,000.00 | Wire | Benevolence Funding |
| 225 | 2/7/06 | 13,000.00 | 276878554 | DeSoto Limited |

| 226 | 12/1/08 | 71,850.00 | 1635 | Southern Construction |
| 227 | 11/17/05 | 20,381.00 | wire transfer | Benevolence Funding |
| 228 | 12/5/05 | 86,591.00 | wire transfer | Benevolence Funding |
| 229 | 12/21/05 | 25,000.00 | 16365 | Benevolence Funding |
| 230 | 01/13/06 | 30,000.00 | 16471 | Benevolence Funding |
| 231 | 02/10/06 | 60,000.00 | 321989 | Benevolence Funding |
| 232 | 09/19/05 | 30,000.00 | 1 | Benevolence Funding |

All in violation of Title 18, United States Code, Sections 1957(a) and 2.

## COUNTS TWO HUNDRED THIRTY-THREE THROUGH TWO HUNDRED THIRTY-FIVE
(Interstate travel in aid of racketeering enterprises.)

In or about May 2005, in the District of Massachusetts and elsewhere, the defendant herein,

### **TODD LYONS**

and others known and unknown to the Grand Jury, each aiding and abetting the other, did use the mail and any facility in interstate and foreign commerce with intent to distribute the proceeds of unlawful activity and to otherwise promote, manage, establish, carry on, and facilitate the promotion, management, and carrying on, of any unlawful activity, to wit, a business enterprise involving gambling in violation of Title 18, United States Code, Sections 1955 and 1084, in that the defendant sent divers materials including but not limited to the proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955 to Sports Offshore in St. John's, Antigua via Federal Express as specifically set forth below.

| Count | Date | Tracking Number | Destination |
|-------|------|-----------------|-------------|
| 233 | 05/10/05 | 848029738373 | St. John's, Antigua |
| 234 | 05/25/05 | 851812077742 | St. John's, Antigua |
| 235 | 07/27/05 | 815006787004 | St. John's, Antigua |

All in violation of Title 18, United States Code, Section 1952(a)(1) and 2.

COUNTS TWO HUNDRED THIRTY-SIX THROUGH TWO HUNDRED SEVENTY
(Interstate travel in aid of racketeering enterprises.)

From in or before 2005 and continuing through February 2010, in the District of

Massachusetts and elsewhere, the defendants herein,

**ROBERT EREMIAN,**
**DANIEL EREMIAN,**
**RICHARD SULLIVAN,** and
**TODD LYONS**

and others known and unknown to the Grand Jury, each aiding and abetting the other, did use the

mail and any facility in interstate and foreign commerce with intent to distribute the proceeds of

unlawful activity and to otherwise promote, manage, establish, carry on, and facilitate the

promotion, management, and carrying on, of any unlawful activity, to wit, a business enterprise

involving gambling in violation of Title 18, United States Code, Sections 1955 and 1084, in that

the defendants sent and caused to be sent divers materials including but not limited to the

proceeds of illegal gambling activity in violation of Title 18, United States Code, Section 1955 to

Sports Offshore in St. John's, Antigua and Cache Management in Ladyville, Belize via Federal

Express as specifically set forth below.

| Count | Date | Tracking Number | Destination |
|-------|------|-----------------|-------------|
| 236 | 09/21/05 | 817364393973 | St. John's, Antigua |
| 237 | 12/13/07 | 862282210480 | St. John's, Antigua |
| 238 | 05/09/08 | 851562358546 | Ladyville, Belize |
| 239 | 06/06/08 | 851562358616 | Ladyville, Belize |
| 240 | 06/11/08 | 851562358535 | Ladyville, Belize |
| 241 | 07/18/08 | 851562358605 | Ladyville, Belize |
| 242 | 08/22/08 | 851562358590 | Ladyville, Belize |
| 243 | 09/03/08 | 851562358580 | Ladyville, Belize |
| 244 | 09/15/08 | 851562358557 | Ladyville, Belize |
| 245 | 10/06/08 | 851562358579 | Ladyville, Belize |
| 246 | 10/13/08 | 851562358568 | Ladyville, Belize |

| 247 | 11/21/08 | 857816495676 | Ladyville, Belize |
| 248 | 12/08/08 | 857816495687 | Ladyville, Belize |
| 249 | 12/15/08 | 857816495698 | Ladyville, Belize |
| 250 | 01/19/09 | 857816495702 | Ladyville, Belize |
| 251 | 02/17/09 | 857816495724 | Ladyville, Belize |
| 252 | 03/09/09 | 857816495713 | Ladyville, Belize |
| 253 | 06/18/09 | 857816494279 | Ladyville, Belize |
| 254 | 06/22/09 | 867289669295 | Ladyville, Belize |
| 255 | 07/06/09 | 857816494360 | Ladyville, Belize |
| 256 | 07/13/09 | 857816494419 | Ladyville, Belize |
| 257 | 07/27/09 | 851567110592 | Ladyville, Belize |
| 258 | 08/10/09 | 851567110581 | Ladyville, Belize |
| 259 | 08/19/09 | 851567110570 | Ladyville, Belize |
| 260 | 09/16/09 | 851567110560 | Ladyville, Belize |
| 262 | 10/01/09 | 857816495014 | Ladyville, Belize |
| 263 | 10/08/09 | 857816495025 | Ladyville, Belize |
| 264 | 10/27/09 | 857816495036 | Ladyville, Belize |
| 265 | 11/12/09 | 857816495047 | Ladyville, Belize |
| 266 | 11/19/09 | 857816495058 | Ladyville, Belize |
| 267 | 12/11/09 | 857816495069 | Ladyville, Belize |
| 268 | 12/21/09 | 857816495070 | Ladyville, Belize |
| 269 | 01/23/10 | 857816494990 | Ladyville, Belize |
| 270 | 02/08/10 | 857816496021 | Ladyville, Belize |

All in violation of Title 18, United States Code, Section 1952(a)(1) and 2.

## COUNT TWO HUNDRED SEVENTY-ONE
(Tampering With a Witness)

In or about and between March 2, 2010 and March 11, 2010, such dates being approximate

and inclusive, within the District of Massachusetts and elsewhere, the defendant

## **ROBERT EREMIAN**

corruptly attempted to persuade, and did engage in misleading conduct toward another person,

with intent to influence the testimony of that person in an official proceeding, to wit, the

defendant sought to influence the testimony of John Sullivan as a witness in a Federal Grand Jury

proceeding.


In violation of Section 1512(b)(1) of Title 18 of the United States Code.

46

## COUNT TWO HUNDRED SEVENTY-TWO
(Tampering With a Witness)

In or about February 2010, within the District of Massachusetts and elsewhere, the defendant

## ROBERT EREMIAN

corruptly attempted to persuade, and did engage in misleading conduct toward another person, with intent to influence the testimony of that person in an official proceeding, to wit, the defendant sought to influence the testimony of John Olsen as a witness in a Federal Grand Jury proceeding.


In violation of Section 1512(b)(1) of Title 18 of the United States Code.

47

## COUNT TWO HUNDRED SEVENTY-THREE
(Tampering With a Witness)

In or about December 2009, within the District of Massachusetts and elsewhere, the

defendant

## **ROBERT EREMIAN**

corruptly attempted to persuade, and did engage in misleading conduct toward another person,

with intent to influence the testimony of that person in an official proceeding, to wit, the

defendant sought to influence the testimony of Richard Ducharme as a witness in a Federal Grand

Jury proceeding.


In violation of Section 1512(b)(1) of Title 18 of the United States Code.

48

## COUNT TWO HUNDRED SEVENTY-FOUR
(Tampering With a Witness)

In or about December 2009, within the District of Massachusetts and elsewhere, the defendant

### ROBERT EREMIAN

corruptly attempted to persuade, and did engage in misleading conduct toward another person, with intent to cause and induce that person to destroy an object with intent to impair the object's integrity and availability for use in an official proceeding, to wit, the defendant sought to induce Richard Ducharme, a witness in a Federal Grand Jury proceeding, to destroy records relevant to the Grand Jury's inquiry.

In violation of Section 1512(b)(2)(B) of Title 18 of the United States Code.

## COUNT TWO HUNDRED SEVENTY-FIVE
(Making And Subscribing False Tax Return - 2004)

On or about June 3, 2005, in the District of Massachusetts, the defendant

### TODD LYONS

did willfully make and subscribe a U.S. Individual Income Tax Return, Form 1040, for tax year

2004, which contained and was verified by a written declaration that it was made under the

penalties of perjury and was filed with the Internal Revenue Service, Andover, Massachusetts,

which return **TODD LYONS** did not believe to be true and correct as to every material matter in

that said return falsely reported Total Income of $49,437, when in fact **TODD LYONS** had

income of at least $162,112 during that year.


In violation of Title 26, United States Code, Section 7206(1).

## COUNT TWO HUNDRED SEVENTY-SIX
(Making And Subscribing False Tax Return - 2005)

On or about March 27, 2006, in the District of Massachusetts, the defendant

**TODD LYONS**

did willfully make and subscribe a U.S. Individual Income Tax Return, Form 1040, for tax year

2005, which contained and was verified by a written declaration that it was made under the

penalties of perjury and was filed with the Internal Revenue Service, Andover, Massachusetts,

which return **TODD LYONS** did not believe to be true and correct as to every material matter in

that said return falsely reported Total Income of $97,352 when in fact **TODD LYONS** had

income of at least $216,007 during that year.

In violation of Title 26, United States Code, Section 7206(1).

COUNTS TWO HUNDRED SEVENTY-SEVEN THROUGH THREE HUNDRED FORTY-THREE
(Acceptance Of Financial Instruments For Unlawful Internet Gambling)

From in or about January 2007 and continuing through February 2010, in the District of

Massachusetts and elsewhere, the defendants herein,

**ROBERT EREMIAN,**
**DANIEL EREMIAN,**
**RICHARD SULLIVAN,** and
**TODD LYONS**

and others known and unknown to the Grand Jury, each aiding and abetting the other, being

persons engaged in the business of betting and wagering, did knowingly accept, in connection

with the participation of another person in unlawful Internet gambling, checks drawn by such

other person and drawn on and payable at and through any financial institution as specifically set

forth below.

| Count | Date | Amount | Check No. | Financial Institution |
|-------|------|--------|-----------|-----------------------|
| 277 | 1/31/2007 | 7,500.00 | 1244 | Fidelity Investments |
| 278 | 1/31/2007 | 8,000.00 | 1245 | Fidelity Investments |
| 279 | 2/7/2007 | 6,600.00 | 1080 | Fidelity Investments |
| 280 | 6/14/2007 | 4,000.00 | 1113 | Fidelity Investments |
| 281 | 12/6/2007 | 8,650.00 | 1236 | Fidelity Investments |
| 282 | 2/22/2008 | 6,000.00 | 1248 | Fidelity Investments |
| 283 | 4/18/2008 | 6,000.00 | 2173 | Fidelity Investments |
| 284 | 4/29/2008 | 5,100.00 | 102 | Bank of America |
| 285 | 1/30/2009 | 8,000.00 | 127 | Bank of America |
| 286 | 2/14/2007 | 3,000.00 | 1124 | Wachovia Securities |
| 287 | 2/14/2007 | 4,000.00 | 1123 | Wachovia Securities |
| 288 | 2/28/2007 | 5,150.00 | 1131 | Wachovia Securities |
| 289 | 3/7/2007 | 4,000.00 | 1137 | Wachovia Securities |
| 290 | 5/29/2007 | 3,500.00 | 1329 | Wachovia Securities |
| 291 | 8/16/2007 | 300.00 | 1348 | Wachovia Securities |
| 292 | 8/16/2007 | 150.00 | 1347 | Wachovia Securities |
| 293 | 4/24/2008 | 6,000.00 | 694 | Bank of America |
| 294 | 01/04/07 | 4,000.00 | 947 | Merrimack County Savings |
| 295 | 01/12/07 | 2,000.00 | 948 | Merrimack County Savings |

| | | | | |
|---|---|---|---|---|
| 296 | 05/30/07 | 2,500.00 | 1033 | Merrimack County Savings |
| 297 | 09/04/07 | 2,500.00 | 1091 | Merrimack County Savings |
| 298 | 03/02/09 | 4,000.00 | 1543 | Merrimack County Savings |
| 299 | 06/08/09 | 3,000.00 | 1593 | Merrimack County Savings |
| 300 | 09/27/09 | 5,000.00 | 1655 | Merrimack County Savings |
| 301 | 11/03/09 | 6,000.00 | 96 | Merrimack County Savings |
| 302 | 10/01/09 | 3,500.00 | 119 | Bank of Nevada |
| 303 | 10/20/09 | 1,000.00 | 130439112 | Western Union |
| 304 | 10/20/09 | 1,000.00 | 130439113 | Western Union |
| 305 | 10/27/09 | 1,000.00 | 130439129 | Western Union |
| 306 | 10/27/09 | 1,000.00 | 130439130 | Western Union |
| 307 | 05/22/07 | 1,500.00 | 1751 | Wachovia Bank, N.A. |
| 308 | 10/24/07 | 2,800.00 | 1553 | Wachovia Bank, N.A. |
| 309 | 02/08/08 | 5,000.00 | 1557 | Wachovia Bank, N.A. |
| 310 | 03/22/09 | 4,000.00 | 1013 | Wachovia Bank, N.A. |
| 311 | 05/09/09 | 2,900.00 | 1260 | Wachovia Bank, N.A. |
| 312 | 08/10/09 | 1,727.33 | 1351 | Wachovia Bank, N.A. |
| 313 | 12/05/09 | 10,000.00 | 3460 | Huntington National Bank |
| 314 | 01/21/10 | 9,000.00 | 7473 | Huntington National Bank |
| 315 | 01/20/10 | 8,000.00 | 7470 | Huntington National Bank |
| 316 | 02/10/10 | 1,900.00 | 3477 | Huntington National Bank |
| 317 | 05/7/07 | 3,566.00 | 124 | Rumsen Fairhaven Bank |
| 318 | 09/6/07 | 8,000.00 | 127 | Rumsen Fairhaven Bank |
| 319 | 09/27/07 | 9,000.00 | 129 | Rumsen Fairhaven Bank |
| 320 | 10/22/07 | 8,000.00 | 350 | Rumsen Fairhaven Bank |
| 321 | 11/18/07 | 8,000.00 | 189 | Rumsen Fairhaven Bank |
| 322 | 12/17/07 | 8,000.00 | 405 | Rumsen Fairhaven Bank |
| 323 | 01/14/08 | 10,000.00 | 190 | Rumsen Fairhaven Bank |
| 324 | 01/14/08 | 5,000.00 | 1824 | Rumsen Fairhaven Bank |
| 325 | 02/5/08 | 8,000.00 | 1838 | Rumsen Fairhaven Bank |
| 326 | 02/22/08 | 9,000.00 | 436 | Rumsen Fairhaven Bank |
| 327 | 04/9/08 | 7,000.00 | 452 | Rumsen Fairhaven Bank |
| 328 | 04/14/08 | 8,000.00 | 458 | Rumsen Fairhaven Bank |
| 329 | 05/5/08 | 6,000.00 | 463 | Rumsen Fairhaven Bank |
| 330 | 06/3/08 | 7,000.00 | 192 | Rumsen Fairhaven Bank |
| 331 | 08/11/08 | 3,200.00 | 2350 | Rumsen Fairhaven Bank |
| 332 | 08/11/08 | 9,000.00 | 137 | Rumsen Fairhaven Bank |
| 333 | 08/22/08 | 9,000.00 | 522 | Rumsen Fairhaven Bank |
| 334 | 09/22/08 | 5,300.00 | 2377 | Rumsen Fairhaven Bank |
| 335 | 06/29/09 | 9,500.00 | 717 | Rumsen Fairhaven Bank |
| 336 | 08/26/09 | 7,000.00 | 772 | Rumsen Fairhaven Bank |
| 337 | 09/16/09 | 8,000.00 | 786 | Rumsen Fairhaven Bank |
| 338 | 09/29/09 | 9,000.00 | 790 | Rumsen Fairhaven Bank |
| 339 | 10/9/09 | 9,500.00 | 829 | Rumsen Fairhaven Bank |

| 340 | 10/12/09 | 9,500.00 | 800 | Rumsen Fairhaven Bank |
| 341 | 12/7/09 | 9,500.00 | 859 | Rumsen Fairhaven Bank |
| 342 | 11/23/09 | 9,500.00 | 849 | Rumsen Fairhaven Bank |
| 343 | 02/8/10 | 9,500.00 | 935 | Rumsen Fairhaven Bank |

All in violation of Title 31, United States Code, Section 5363(3).

## COUNTS THREE HUNDRED FORTY-FOUR THROUGH THREE HUNDRED EIGHTY-ONE
(Money Laundering)

From in or before 2005 and continuing through January 2010, in the District of

Massachusetts and elsewhere, the defendant herein,

### ROBERT EREMIAN,

and others known and unknown to the Grand Jury, each aiding and abetting the other, knowingly

engaged in and attempted to engage in monetary transactions as set forth below in criminally

derived property that was of a value greater than $10,000, said property having been derived from

specified unlawful activity, that is, the proceeds of illegal gambling activity, to wit, the defendant

deposited and caused to be deposited the money listed below in a bank account located in the

District of Massachusetts so that the money could be distributed to members of the defendant's

family and used to pay the defendant's other U.S. based financial obligations.

| Count | Date | Amount | Source/Payor | Instrument |
|-------|------|--------|--------------|------------|
| 344 | 9/1/2005 | 75,000.00 | Antigua Overseas Bank | 10350 |
| 345 | 9/12/2005 | 50,000.00 | Antigua Overseas Bank | 10602 |
| 346 | 10/3/2005 | 50,000.00 | Antigua Overseas Bank | 808 |
| 347 | 11/2/2005 | 30,000.00 | Antigua Overseas Bank | 11633 |
| 348 | 11/17/2005 | 50,000.00 | Antigua Overseas Bank | 12628 |
| 349 | 12/29/2005 | 100,000.00 | Antigua Overseas Bank | 1211 |
| 350 | 1/23/2006 | 50,000.00 | Antigua Overseas Bank | 13058 |
| 351 | 3/10/2006 | 50,000.00 | Antigua Overseas Bank | 571 |
| 352 | 3/10/2006 | 50,000.00 | Antigua Overseas Bank | 572 |
| 353 | 6/5/2006 | 99,936.60 | Benevolence Funding | Wire |
| 354 | 6/28/2006 | 49,937.73 | Benevolence Funding | Wire |
| 355 | 4/4/2007 | 300,000.00 | Robert Eremian | Wire |
| 356 | 4/4/2007 | 150,000.00 | Robert Eremian | Wire |
| 357 | 5/21/2007 | 200,000.00 | Robert Eremian | Wire |
| 358 | 6/8/2007 | 75,000.00 | Robert Eremian | Wire |
| 359 | 9/10/2007 | 200,000.00 | Robert Eremian | Wire |
| 360 | 10/15/2007 | 50,000.00 | Robert Eremian | Wire |
| 361 | 12/10/2007 | 100,000.00 | Robert Eremian | Wire |
| 362 | 12/24/2007 | 100,000.00 | Robert Eremian | Wire |

| 363 | 2/22/2008 | 99,980.00 | Robert Eremian | Wire |
|-----|-----------|-----------|----------------|------|
| 364 | 4/16/2008 | 49,980.00 | Robert Eremian | Wire |
| 365 | 4/30/2008 | 99,980.00 | Robert Eremian | Wire |
| 366 | 5/27/2008 | 99,980.00 | Robert Eremian | Wire |
| 367 | 6/10/2008 | 99,980.00 | Robert Eremian | Wire |
| 368 | 8/6/2008 | 99,980.00 | Robert Eremian | Wire |
| 369 | 9/10/2008 | 99,980.00 | Robert Eremian | Wire |
| 370 | 9/18/2008 | 49,980.00 | Robert Eremian | Wire |
| 371 | 10/31/2008 | 49,980.00 | Robert Eremian | Wire |
| 372 | 11/19/2008 | 99,980.00 | Robert Eremian | Wire |
| 373 | 1/8/2009 | 299,980.00 | Robert Eremian | Wire |
| 374 | 3/4/2009 | 150,000.00 | Robert Eremian | Wire |
| 375 | 4/15/2006 | 100,000.00 | Robert Eremian | Wire |
| 376 | 5/4/2009 | 200,000.00 | Robert Eremian | Wire |
| 377 | 6/26/2009 | 135,000.00 | Robert Eremian | Wire |
| 378 | 9/8/2009 | 50,000.00 | Robert Eremian | Wire |
| 379 | 9/14/2009 | 73,508.00 | Islandwide Realty | 1895 |
| 380 | 12/4/2009 | 100,000.00 | Robert Eremian | Wire |
| 381 | 1/29/2010 | 50,000.00 | Robert Eremian | Wire |

All in violation of Title 18, United States Code, Sections 1957(a) and 2.

COUNTS THREE HUNDRED EIGHTY-TWO THROUGH FOUR HUNDRED FORTY-TWO
(Money Laundering)

From in or before 2005 and continuing through April 2010, in the District of

Massachusetts and elsewhere, the defendant herein,

**ROBERT EREMIAN,**

and others known and unknown to the Grand Jury, each aiding and abetting the other, knowingly

engaged in and attempted to engage in monetary transactions as set forth below in criminally

derived property that was of a value greater than $10,000, said property having been derived from

specified unlawful activity, that is, the proceeds of illegal gambling activity.

| Count | Date | Amount | Instrument | Payee |
|-------|------|--------|------------|-------|
| 382 | 9/6/2005 | 75,300.00 | 1345 | U.S. Treasury |
| 383 | 9/12/2005 | 37,206.10 | 1346 | Kelly Jeep |
| 384 | 9/21/2005 | 20,000.00 | 1354 | P.T. |
| 385 | 9/30/2005 | 13,784.91 | 1358 | American Express |
| 386 | 11/2/2005 | 25,237.91 | 1371 | American Express |
| 387 | 11/29/2005 | 23,520.00 | 1379 | Boston Red Sox |
| 388 | 1/6/2006 | 75,300.00 | 1388 | U.S. Treasury |
| 389 | 1/31/2006 | 19,753.79 | 1397 | American Express |
| 390 | 4/7/2006 | 80,300.00 | 1424 | U.S. Treasury |
| 391 | 6/11/2006 | 80,300.00 | 1450 | U.S. Treasury |
| 392 | 7/4/2006 | 11,143.30 | 1462 | American Express |
| 393 | 9/6/2006 | 10,298.32 | 1490 | American Express |
| 394 | 9/6/2006 | 80,300.00 | 1492 | U.S. Treasury |
| 395 | 10/4/2006 | 31,467.20 | 1499 | American Express |
| 396 | 11/10/2006 | 24,888.86 | On-line | American Express |
| 397 | 11/14/2006 | 22,000.00 | WIRE | Alphastaff, Inc. |
| 398 | 12/7/2006 | 32,440.00 | 1534 | Boston Red Sox |
| 399 | 12/13/2006 | 25,000.00 | WIRE | Alphastaff, Inc. |
| 400 | 1/9/2007 | 160,000.00 | 1543 | U.S. Treasury |
| 401 | 1/23/2007 | 20,000.00 | WIRE | Alphastaff, Inc. |
| 402 | 4/10/2007 | 419,000.00 | 1588 | U.S. Treasury |
| 403 | 6/7/2007 | 42,500.00 | 1610 | North Broward Prep |
| 404 | 6/7/2007 | 169,000.00 | 1613 | U.S. Treasury |
| 405 | 9/5/2007 | 16,670.44 | 1649 | American Express |
| 406 | 9/10/2007 | 169,000.00 | 1652 | U.S. Treasury |

| 407 | 10/4/2007 | 11,496.06 | 1666 | American Express |
| 408 | 11/26/2007 | 10,719.87 | On-line | American Express |
| 409 | 11/26/2007 | 143,802.76 | 1685 | U.S. Treasury |
| 410 | 12/11/2007 | 38,920.00 | 1691 | Boston Red Sox |
| 411 | 1/2/2008 | 42,250.00 | 1703 | U.S. Treasury |
| 412 | 2/22/2008 | 20,071.28 | 1727 | Citi Cards |
| 413 | 3/6/2008 | 18,776.99 | 1730 | American Express |
| 414 | 4/9/2008 | 58,000.00 | 1750 | U.S. Treasury |
| 415 | 4/18/2008 | 20,315.20 | 1751 | Citi Cards |
| 416 | 5/24/2008 | 44,475.94 | 1768 | Citi Cards |
| 417 | 6/11/2008 | 125,000.00 | 1776 | U.S. Treasury |
| 418 | 6/24/2008 | 35,788.55 | 1786 | Citi Cards |
| 419 | 8/1/2008 | 28,211.06 | 1800 | Citi Cards |
| 420 | 8/5/2008 | 31,325.00 | 1803 | North Broward Prep |
| 421 | 8/30/2008 | 10,310.92 | 1811 | Citi Cards |
| 422 | 9/9/2008 | 125,000.00 | 1819 | U.S. Treasury |
| 423 | 12/1/2008 | 33,700.00 | 1843 | Boston Red Sox |
| 424 | 12/17/2008 | 26,685.03 | 1850 | Citi Cards |
| 425 | 1/8/2009 | 170,500.00 | 1857 | U.S. Treasury |
| 426 | 3/10/2009 | 15,000.00 | TRSF | Eremian, Robert |
| 427 | 3/23/2009 | 50,922.65 | 1887 | Citi Cards |
| 428 | 3/30/2009 | 31,000.00 | 1437211 | North Broward Prep |
| 429 | 4/13/2009 | 179,500.00 | 1893 | U.S. Treasury |
| 430 | 5/29/2009 | 12,017.18 | 1907 | Citi Cards |
| 431 | 6/9/2009 | 125,500.00 | 1912 | U.S. Treasury |
| 432 | 6/24/2009 | 16,170.66 | 1914 | Citi Cards |
| 433 | 7/9/2009 | 100,000.00 | TRSF | Eremian, Robert |
| 434 | 8/22/2009 | 46,233.90 | 1930 | Citi Cards |
| 435 | 9/9/2009 | 125,500.00 | 1936 | U.S. Treasury |
| 436 | 11/12/2009 | 16,000.00 | 1834868 | L.E. |
| 437 | 12/3/2009 | 40,540.00 | 1967 | Boston Red Sox |
| 438 | 12/27/2009 | 11,426.54 | 1973 | Citi Cards |
| 439 | 1/27/2010 | 26,500.00 | TRSF | P.T. |
| 440 | 1/27/2010 | 26,500.00 | TRSF | M.E. |
| 441 | 3/8/2010 | 12,676.30 | On-line | Citi Cards |
| 442 | 4/5/2010 | 10,680.22 | On-line | Citi Cards |

All in violation of Title 18, United States Code, Sections 1957(a) and 2.

## RACKETEERING FORFEITURE ALLEGATIONS

1.      The allegations contained in Count One and Two of this Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 1963; Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461(c).

2.      Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, the defendants herein,

**ROBERT EREMIAN,**
**DANIEL EREMIAN,**
**RICHARD SULLIVAN,** and
**TODD LYONS**

are hereby notified that, upon conviction of any violation of Title 18, United States Code, Section 1962, as charged in Counts One and Two of this Indictment, the defendant shall forfeit, pursuant to Title 18, United States Code, Section 1963:

a)      all interests acquired and maintained in violation of Title 18, United States Code, Section 1962;

b)      all interests in, securities of, claims against, and property and contractual rights of any kind affording a source of influence over, the enterprise named and described herein which the defendant established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and

c)      all property constituting and derived from proceeds obtained, directly and indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962.

The property subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1), (a)(2), and (a)(3), includes, but is not limited to, the following assets:

1)      at least $22,000,000, said amount being the total of the interests acquired and the gross proceeds obtained through the violations of Title 18, United States Code, Section 1962;

2)      $86,818 seized from 192 Hale Street, Beverly, Massachusetts on January 4, 2006;

3)      $3,754 seized from a blue 2006 Audi A6 bearing Vehicle Identification Number WAUDG74F46NO59016 on January 4, 2006;

4)      $6,000 seized in Saugus, Massachusetts on December 2, 2009

5)      one 1980 Messerschmitt-Boelkow-Blohm Aircraft bearing serial number S-458 and Federal Aviation Administration Number N70EG, seized on or about May 5, 2010 in Pensacola, Florida; and

6)      the real property located at 1601 SW 6th Avenue, Boca Raton, Florida, including all buildings, appurtenances and improvements thereon, as described in more detail in a deed recorded at Book 15077, Page 0105 among the land records of Palm Beach County, Florida.

3.      Pursuant to Title 18, United States Code, Section 1963(m) and Title 21, United

States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the

defendant shall forfeit substitute property up to the value of the property described in the previous

paragraph if that property, as a result of any act or omission of the defendant:

(a)      cannot be located upon the exercise of due diligence;

(b)      has been transferred or sold to, or deposited with, a third party;

(c)      has been placed beyond the jurisdiction of this Court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property which cannot be divided without difficulty.

Such property includes, without limitation, the following:

1)    the real property located at 2900 NW 25th Terrace, Boca Raton, Florida, including all buildings, appurtenances and improvements thereon, as described in more detail in a deed recorded at Book 20432, Page 1638 among the land records of Palm Beach County, Florida;

2)    the real property located at 939 Salem Street, Lynnfield, Massachusetts, including all buildings, appurtenances and improvements thereon, as described in more detail in a deed recorded at Book 15339, Page 207 among the land records of Essex County (South), Massachusetts;

3)    the real property located at 1474 Broadway Street, Hanover, Massachusetts, including all buildings, appurtenances and improvements thereon, as described in more detail in a deed recorded at Book 6674, Page 251 among the land records of Plymouth County, Massachusetts; and

4)    the real property located at 192 Hale Street, Beverly, Massachusetts, including all buildings, appurtenances and improvements thereon, as descrived in more detail in a deed recorded at Book 24504, Page 455 of the land records of Essex County (South), Massachusetts.

## GAMBLING FORFEITURE ALLEGATIONS

1.      The allegations contained in Counts Three through Five of this indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 1955(d); Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461(c).

2.      Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, the defendants herein,

**ROBERT EREMIAN,
DANIEL EREMIAN,
RICHARD SULLIVAN,** and
**TODD LYONS**

are hereby notified that, upon conviction of any violation of Title 18, United States Code, Section 1955 or 1084 as charged in Counts Three through Five of this Indictment, the defendant shall forfeit:

a)      pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offense; and

b)      pursuant to Title 18, United States Code, Section 1955(d) and Title 28, United States Code, Section 2461(c), any property, including money, used in violation of Title 18, United States Code, Section 1955.

The property subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and/or Title 18, United States Code, Section 1955(d), and Title 28, United States Code, Section 2461(c), includes, but is not limited to, the following assets:

1)      at least $22,000,000;

2)    $86,818 seized from 192 Hale Street, Beverly, Massachusetts on January 4, 2006;

3)    $3,754 seized from a blue 2006 Audi A6 bearing Vehicle Identification Number WAUDG74F46NO59016 on January 4, 2006;

4)    $6,000 seized in Saugus, Massachusetts on December 2, 2009;

5)    one 1980 Messerschmitt-Boelkow-Blohm Aircraft bearing serial number S-458 and Federal Aviation Administration Number N70EG, seized on or about May 5, 2010 in Pensacola, Florida; and

6)    the real property located at 1601 SW 6th Avenue, Boca Raton, Florida, including all buildings, appurtenances and improvements thereon, as described in more detail in a deed recorded at Volume 15077, Page 0105 among the land records of Palm Beach County, Florida.

3.    Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant shall forfeit substitute property up to the value of the property described in the previous paragraph if that property, as a result of any act or omission of the defendant:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of this Court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty.

Such property shall include, but is not limited to, the following:

1)    the real property located at 2900 NW 25th Terrace, Boca Raton, Florida, including all buildings, appurtenances and improvements thereon, as

described in more detail in a deed recorded at Book 20432, Page 1638 among the land records of Palm Beach County, Florida;

2)   the real property located at 939 Salem Street, Lynnfield, Massachusetts, including all buildings, appurtenances and improvements thereon, as described in more detail in a deed recorded at Book 15339, Page 207 among the land records of Essex County (South), Massachusetts;

3)   the real property located at 1474 Broadway Street, Hanover, Massachusetts, including all buildings, appurtenances and improvements thereon, as described in more detail in a deed recorded at Book 6674, Page 251 among the land records of Plymouth County, Massachusetts; and

4)   the real property located at 192 Hale Street, Beverly, Massachusetts, including all buildings, appurtenances and improvements thereon, as descrived in more detail in a deed recorded at Book 24504, Page 455 of the land records of Essex County (South), Massachusetts.

## MONEY LAUNDERING FORFEITURE ALLEGATIONS

1.     The allegations contained in Counts Six through Two Hundred Twenty-three of this Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(1) and Title 21, United States Code, Section 853.

2.     Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, the defendants herein,

**ROBERT EREMIAN,**
**DANIEL EREMIAN,**
**RICHARD SULLIVAN,** and
**TODD LYONS**

are hereby notified that, upon conviction of any violation of Title 18, United States Code, Section 1956 or 1957 as charged in Counts Six through Two Hundred Twenty-three of this Indictment, the defendant shall forfeit, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in each such offense, and all property traceable to such property.

3.     Pursuant to Title 18, United States Code, Section 982(a)(1) and Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), the defendant shall forfeit substitute property up to the value of the property described in the previous paragraph if that property, as a result of any act or omission of the defendant:

        (a)     cannot be located upon the exercise of due diligence;

        (b)     has been transferred or sold to, or deposited with, a third party;

        (c)     has been placed beyond the jurisdiction of this Court;

        (d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without

difficulty.

Such property includes, without limitation, the following:

1)      the real property located at 2900 NW 25th Terrace, Boca Raton, Florida,

including all buildings, appurtenances and improvements thereon, as

described in more detail in a deed recorded at Book 20432, Page 1638

among the land records of Palm Beach County, Florida;

2)      the real property located at 939 Salem Street, Lynnfield, Massachusetts,

including all buildings, appurtenances and improvements thereon, as

described in more detail in a deed recorded at Book 15339, Page 207

among the land records of Essex County (South), Massachusetts;

3)      the real property located at 1474 Broadway Street, Hanover, Massachusetts,

including all buildings, appurtenances and improvements thereon, as

described in more detail in a deed recorded at Book 6674, Page 251 among

the land records of Plymouth County, Massachusetts; and

4)      the real property located at 192 Hale Street, Beverly, Massachusetts,

including all buildings, appurtenances and improvements thereon, as

descrived in more detail in a deed recorded at Book 24504, Page 455 of the

land records of Essex County (South), Massachusetts.

## INTERSTATE TRAVEL IN AID OF RACKETEERING
## FORFEITURE ALLEGATIONS

1.      The allegations contained in Counts Two Hundred Twenty-four through Two

Hundred Sixty-one of this Indictment are hereby repeated, realleged, and incorporated by

reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant

to Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853;

and Title 28, United States Code, Section 2461(c).

2.      Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, the

defendants herein,

**ROBERT EREMIAN,**
**DANIEL EREMIAN,**
**RICHARD SULLIVAN,** and
**TODD LYONS**

are hereby notified that, upon conviction of any violation of Title 18, United States Code, Section

1952 as charged in Counts  Two Hundred Twenty-four through Two Hundred Sixty-one of this

Indictment, the defendant shall forfeit any property, real or personal, which constitutes or is

derived from proceeds traceable to such offense pursuant to Title 18, United States Code, Section

981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

3.      Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 21, United

States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the

defendant shall forfeit substitute property up to the value of the property described in the previous

paragraph if that property, as a result of any act or omission of the defendant:

        (a)     cannot be located upon the exercise of due diligence;

        (b)     has been transferred or sold to, or deposited with, a third party;

67

(c)     has been placed beyond the jurisdiction of this Court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty.

Such property includes, without limitation, the following:

1)      the real property located at 2900 NW 25th Terrace, Boca Raton, Florida, including all buildings, appurtenances and improvements thereon, as described in more detail in a deed recorded at Book 20432, Page 1638 among the land records of Palm Beach County, Florida;

2)      the real property located at 939 Salem Street, Lynnfield, Massachusetts, including all buildings, appurtenances and improvements thereon, as described in more detail in a deed recorded at Book 15339, Page 207 among the land records of Essex County (South), Massachusetts;

3)      the real property located at 1474 Broadway Street, Hanover, Massachusetts, including all buildings, appurtenances and improvements thereon, as described in more detail in a deed recorded at Book 6674, Page 251 among the land records of Plymouth County, Massachusetts; and

4)      the real property located at 192 Hale Street, Beverly, Massachusetts, including all buildings, appurtenances and improvements thereon, as descrived in more detail in a deed recorded at Book 24504, Page 455 of the land records of Essex County (South), Massachusetts.

A TRUE BILL

FOREPERSON OF THE GRAND JURY

ASSISTANT U.S. ATTORNEY(S)

DISTRICT OF MASSACHUSETTS; August 5, 2010

Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK

12:50p.